KEITH M. KIUCHI, ALC
KEITH M. KIUCHI #2735
American Savings Bank Tower,
1001 Bishop Street, Suite 985
Honolulu, Hawaii 96813
TEL.: (808) 533-2230
FAX: (808) 533-4391

Attorney for Plaintiffs

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| PJY ENTERPRISES, LLC, a Hawaii limited liability company; LUCKY G ENTERPRISES, INC., a Hawaii corporation; S L & G INVESTMENTS, LLC; a Hawaii limited liability company, WZ WAIKIKI PARTNERS, LLC, a Hawaii limited liability company; WZ WAHIAWA PARTNERS, LLC, a Hawaii limited liability company; and PMG ENTERTAINMENTS, LLC; a Hawaii limited liability company; <br><br> Plaintiffs, <br><br> vs. <br><br> KEITH M. KANESHIRO, in his official capacity as the Prosecuting Attorney of the City and County of Honolulu; LOUIS M. KEALOHA, in his official capacity as the Chief of Police of the City and County of Honolulu; HONOLULU POLICE DEPARTMENT; JOHN DOES 1-10; JANE DOES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10; <br><br> Defendants. | CIVIL NO. 12-1-2558-10 VLC <br> (Other Civil Action) <br><br><br> COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND MONETARY DAMAGES; EXHIBIT "A" and SUMMONS |

**COMPLAINT FOR DECLARATORY JUDGMENT,
<u>INJUNCTIVE RELIEF AND MONETARY DAMAGES</u>**

Received stamp: "RECEIVED PROSECUTING ATTORNEY" / "12 OCT 12 P3:45"

Filed stamp: "1ST CIRCUIT COURT STATE OF HAWAII FILED 2012 OCT 12 PM 12:27 [signature] CLERK"

**EXHIBIT A**



I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

**COMES NOW**, Plaintiffs PJY ENTERPRISES, LLC, a Hawaii limited liability company; LUCKY G ENTERPRISES, INC., a Hawaii corporation; S L & G INVESTMENTS, LLC, a Hawaii limited liability company; WZ WAIKIKI PARTNERS, LLC, a Hawaii limited liability company; WZ WAHIAWA PARTNERS, LLC, a Hawaii limited liability company; and PMG ENTERTAINMENTS, LLC; a Hawaii limited liability company (collectively the "Plaintiffs"); by and through their attorney, KEITH M. KIUCHI, and as for Complaint against the above-named Defendants, hereby allege and aver as follows:

1. Plaintiff PJY ENTERPRISES, LLC (hereafter referred to as "PJY"), is at all times relevant herein, a Hawaii limited liability company authorized to do business in the State of Hawaii and whose principal place of business is in the City and County of Honolulu, State of Hawaii. At all times relevant herein PJY is the authorized distributor of the PRODUCTS DIRECT® SWEEPSTAKES terminals.

2. Plaintiff LUCKY G ENTERPRISES, INC. (hereafter referred to as "LUCKY G"), is at all times relevant herein, a Hawaii corporation authorized to do business in the State of Hawaii, and whose principal place of business is in the City and County of Honolulu, State of Hawaii. At all times relevant herein LUCKY G operates game arcades at 320 Ward Avenue #114, Honolulu, HI and at 97-719 Kamehameha Hwy., Pearl City, HI, both in the City and County of Honolulu and is the owner of some of the seized PRODUCTS DIRECT® SWEEPSTAKES terminals.

3. Plaintiff S L & G INVESTMENTS, LLC, (hereafter referred to as "S L & G"), is at all times relevant herein, a Hawaii limited liability company authorized to do business in the State of Hawaii, and whose principal place of business is in the City and County of Honolulu, State of Hawaii. At all times relevant herein S L & G operates a game arcade at 91-896 Makule

2

Road, Ewa Beach, HI in the City and County of Honolulu and is the owner of some of the seized PRODUCTS DIRECT® SWEEPSTAKES terminals.

4. Plaintiff WZ WAIKIKI PARTNERS, LLC, (hereafter referred to as "WZ Waikiki"), is at all times relevant herein, a Hawaii limited liability company authorized to do business in the State of Hawaii, and whose principal place of business is in the City and County of Honolulu, State of Hawaii. At all times relevant herein WZ Waikiki operates a game arcade at 2301 Kuhio Ave., Unit #101, Honolulu, HI in the City and County of Honolulu and is the owner of some of the seized PRODUCTS DIRECT® SWEEPSTAKES terminals.

5. Plaintiff WZ WAHIAWA PARTNERS, LLC, (hereafter referred to as "WZ Wahiawa"), is at all times relevant herein, a Hawaii limited liability company authorized to do business in the State of Hawaii, and whose principal place of business is in the City and County of Honolulu, State of Hawaii. At all times relevant herein WZ Wahiawa operates a game arcade at 823 California Ave., Wahiawa, HI in the City and County of Honolulu and is the owner of some of the seized PRODUCTS DIRECT® SWEEPSTAKES terminals.

6. Plaintiff PMG ENTERTAINMENTS, LLC (hereafter referred to as "PMG"), is at all times relevant herein, a Hawaii limited liability company authorized to do business in the State of Hawaii, and whose principal place of business is in the City and County of Honolulu, State of Hawaii. At all times relevant herein PMG operates a game arcade at 94-1235 Ka Uka Blvd., #E, Waipahu, HI in the City and County of Honolulu and is the owner of some of the seized PRODUCTS DIRECT® SWEEPSTAKES terminals.

7. Defendant KEITH M. KANESHIRO is the Prosecuting Attorney of the City and County of Honolulu (hereafter "Prosecutor KANESHIRO") and is named here in his official capacity as the Prosecuting Attorney of the City and County of Honolulu.

8. Defendant LOUIS M. KEALOHA is the Chief of Police of the Honolulu Police Department (hereafter "Chief KEALOHA") and is named here in his official capacity as the Chief of Police of the City and County of Honolulu. Chief KEALOHA is vested with the authority to enforce the laws of the State of Hawaii and the ordinances of the City and County of Honolulu.

9. Defendant HONOLULU POLICE DEPARTMENT (hereafter "HPD") is a department of the City and County of Honolulu, State of Hawaii. HPD is the City department vested with the authority to enforce the laws of the State of Hawaii and the ordinances of the City and County of Honolulu.

10. After completing a diligent investigation, Plaintiffs are unable to ascertain what other persons or entities, if any, in addition to the above-named defendants, may be liable to Plaintiffs. Therefore, the true names, identities or capacities of Defendants John Does 1-10, Jane Does 1-10, and Doe Governmental Entities 1-10 and their involvement herein are unknown to Plaintiffs, who therefore names said defendants by such fictitious names (hereafter the "Doe Defendants"). Plaintiffs will seek leave of court to amend their pleadings to set forth the true names and capacities of such fictitiously named defendants when the same become known to Plaintiffs.

11. Plaintiff PJY is the Hawaii distributor of PRODUCTS DIRECT® SWEEPSTAKES terminals.

12. The PRODUCTS DIRECT® SWEEPSTAKES terminals are machines that operate as follows:

a. The PRODUCTS DIRECT® SWEEPSTAKES terminal describes the promotion, and the rules on the screen clearly and prominently state that no purchase is necessary and that a purchase will not improve the chances of winning the sweepstakes.

b. The customer walks up to the PRODUCTS DIRECT® SWEEPSTAKES terminal, and inserts paper money into the bill acceptor.

c. The PRODUCTS DIRECT® SWEEPSTAKES terminal prints out a discount coupon for the purchase of consumer product(s) to be purchased on an internet website from Products Direct. The coupon is worth twice the value of the amount of money inserted into the terminal and is subject to a cap of 30% discount for the purchase of these consumer products.

d. The customer can go online and redeem the coupon at www.redeemsite.com in connection with the purchase of consumer product(s) offered by Products Direct.

e. In connection with the purchase of the discount coupon, the customer receives free entries into the sweepstakes. The customer can play one of several "fun" games to reveal whether they have won anything or they can instantly find out by selecting the "Reveal Instant Winners" button. The customer is not required to play any of the "fun" games to see if he or she has won. The various "fun" games on the terminals, as well as the "Reveal Instant Winner's" button, merely function as the "revealing mechanisms", or "methods" to reveal what the consumer has won with their entry or entries. In the case of the PRODUCTS DIRECT® SWEEPSTAKES entries, the consumer chooses one of the "fun" games, or the "Reveal Instant Winner's" button to see

whether or not an entry is a "winner"; and if it is a "winner", to see what the value of that "winning" entry is.

  f. Instead of purchasing a discount coupon, a customer can enter the sweepstakes without a purchase. A customer can follow the instructions on the terminal screen (or the posted written rules) and write in for a free entry code. Upon receipt of the free entry code, the customer must return to the same terminal from which the "request for a free entry code" was made, and type in the code to redeem his or her "free entries". This requirement ensures that the customer's entries come from the "same pool" from which he/she had requested the free entry. Upon entering the code, the customer receives 100 free entries to play the sweepstakes. Each such entry has the same chance of winning as an entry obtained in connection with the purchase of a discount coupon.

  13. Plaintiffs Lucky G, S L &G, WZ Waikiki, WZ Wahiawa and PMG all operate game arcades in the City and County of Honolulu, State of Hawaii, using the trade name "Winner'z Zone". The PRODUCTS DIRECT® SWEEPSTAKES terminals are some of the machines, but not the only machines, in these game arcades.

  14. On Thursday, September 27, 2012, Defendants Prosecutor KANESHIRO, Chief KEALOHA and the HONOLULU POLICE DEPARTMENT directed and conducted a seizure of PRODUCTS DIRECT® SWEEPSTAKES terminals located in the game arcades operated by Plaintiffs Lucky G, S L &G, WZ Waikiki, WZ Wahiawa and PMG. These PRODUCTS DIRECT® SWEEPSTAKES terminals were seized pursuant to a search warrant issued by the District Court of the First Circuit, Honolulu Division, in S.W. 2012-238. A copy of that search warrant is attached to this complaint as Exhibit "A". Said search warrant conclusively states, without any factual information, that the "property described herein may be found at the

locations set forth herein and . . . that it is property" that violates the gambling laws of the State of Hawaii.

15. The PRODUCTS DIRECT® SWEEPSTAKES terminals were seized by the HONOLULU POLICE DEPARTMENT and by the Doe Defendants pursuant to instructions and orders from Defendants Prosecutor KANESHIRO and Chief KEALOHA. These sweepstakes terminals remain in the custody of Defendants Prosecutor KANESHIRO, Chief KEALOHA and the HONOLULU POLICE DEPARTMENT and despite a demand to Defendant Prosecutor KANESHIRO for the return of the PRODUCTS DIRECT® SWEEPSTAKES terminals to Plaintiffs, Defendants have failed and refused and continue to fail and refuse to return said PRODUCTS DIRECT® SWEEPSTAKES terminals to Plaintiffs.

16. As of this writing no civil or criminal forfeiture proceedings have been filed for the forfeiture of the PRODUCTS DIRECT® SWEEPSTAKES terminals.

17. On Friday, September 28, 2012, Defendant Prosecutor KANESHIRO held a press conference in which he stated the following regarding the PRODUCTS DIRECT® SWEEPSTAKES terminals:

   a. "It's elementary you put in money with the intent of winning money, you either win or lose money and that's gambling".

   b. "We did extensive legal research and there are case laws (sic) across the nation that support our position that indicates these machines are gambling machines."

   c. "Legal research showed cases in which courts in Mississippi and Missouri have determined the machines are illegal gambling devices."

   d. "Citizens are put on notice that these are gambling machines and gambling is illegal in Hawaii."

18. With respect to the PRODUCTS DIRECT® SWEEPSTAKES terminals, the statements made by Defendant Prosecutor KANESHIRO as set forth in Paragraph 17 above are patently false and/or misleading. Defendant Prosecutor KANESHIRO was given the opportunity, in a letter from Plaintiffs' counsel to Defendant Prosecutor KANESHIRO, to state that the quotes set forth in Paragraph 17 were incorrectly attributed to him. Defendant Prosecutor KANESHIRO did not respond to this letter.

19. Prior to September 27, 2012 Plaintiff PJY made numerous good faith efforts to have governmental authorities review the operation of the PRODUCTS DIRECT® SWEEPSTAKES terminals and give their opinions regarding the same. These efforts included e-mails to and from and phone conversations with the Office of the Attorney General, State of Hawaii; petitions filed before the Honolulu Liquor Commission and demonstrations of the PRODUCTS DIRECT® SWEEPSTAKES terminals to staff of the Honolulu Liquor Commission; a petition filed before the Dept. of Liquor Control of the County of Kaua`i, and a written response to a memorandum drafted by the Prosecuting Attorney for the County of Kaua`i. These efforts started in early 2011. At no time during these efforts was any legal opinion given by any governmental authorities that prohibited the sweepstakes terminals from being used in the State of Hawaii, and in fact Plaintiff PJY's aforesaid petitions to the Honolulu Liquor Commission and the Dept. of Liquor Control of the County of Kaua`i were approved, thus allowing the PRODUCTS DIRECT® SWEEPSTAKES terminals to be operated in certain establishments under the jurisdiction of these two agencies. In addition, Plaintiffs relied upon other information, such as a 2004 letter from the Prosecuting Attorney in the County of Hawai`i stating that a sweepstakes type of promotion was legal and statements on the websites of the

Honolulu Police Department and the Office of the Attorney General stating that if no purchase is necessary to enter a game of chance, that such a game is not considered gambling.

20. As no legal opinion was given by any governmental authorities that prohibited the sweepstakes terminals from being used in the State of Hawaii, Plaintiffs were, at all times relevant herein, exercising their rights to operate and distribute the PRODUCTS DIRECT® SWEEPSTAKES terminals and Plaintiffs have the right to: (a) be free from unreasonable searches and seizures of their property, (b) be free from being deprived of their property without due process of law, and (c) enjoy the possession of their property. Plaintiffs, at all times relevant herein, were peaceably exercising their rights guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and Sections 2, 5 and 7 of Article I of the Hawaii Constitution.

## COUNT I
### (Declaratory Judgment)

21. The allegations contained in paragraphs 1 through 20 herein are realleged and incorporated herein by reference.

22. The seizure and retention of the PRODUCTS DIRECT® SWEEPSTAKES terminals by the Defendants, and the statements made by Defendant Prosecutor KANESHIRO regarding these PRODUCTS DIRECT® SWEEPSTAKES terminals, violate Plaintiffs' constitutional rights for the following reasons:

    a. The sweepstakes terminals themselves and the operation of the sweepstakes terminals do not violate the gambling laws of the State of Hawaii, to wit: Sec. 712-1222 and Sec. 712-1226 of the Hawaii Revised Statutes.

    b. The sweepstakes terminals are not gambling devices as defined by Sec. 712-1226 of the Hawaii Revised Statutes.

c. That any seizure of the sweepstakes terminals is an illegal search and seizure in contravention to the provisions of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the Hawaii Constitution.

d. That any seizure of the sweepstakes terminals is a violation of Plaintiffs' due process rights in contravention to the provisions of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 5 of the Hawaii Constitution.

e. That any seizure of the PRODUCTS DIRECT® SWEEPSTAKES terminals is a violation of Plaintiffs' rights under Article I, Section 2 of the Hawaii Constitution which states that all persons have the right to the enjoyment of life and the possession of property.

23. The actions of the Defendants, who arbitrarily and/or erroneously decided that the PRODUCTS DIRECT® SWEEPSTAKES terminals violated Hawaii's gambling laws, was the exercise of unfettered discretion in denying Plaintiffs' their constitutional rights as set forth in this complaint.

24. Plaintiffs have suffered, are suffering and will continue to suffer severe and irreparable injury by virtue of the Defendants' acts, policies and practices as set forth herein. Plaintiffs' fundamental constitutional rights have been violated and will continue to be violated, and the acts of Defendants are chilling and deterring the Plaintiffs from exercising their constitutional rights. Plaintiffs have no plain, adequate, or complete remedy at law to redress these violations of their constitutional rights and this suit for injunction, declaratory judgment and damages is their only means of securing complete and adequate relief. No other remedy would offer Plaintiffs substantial and complete protection from the continuation of Defendants' unlawful and unconstitutional acts, policies and practices.

25. Based upon the foregoing Plaintiffs ask this court to issue a declaratory judgment that the actions of the Defendants violate Plaintiffs' constitutional rights, as set forth above, and that the PRODUCTS DIRECT® SWEEPSTAKES terminals are not in violation of Hawaii's gambling statutes, specifically Sec. 712-1222 and Sec. 712-1226 of the Hawaii Revised Statutes. Plaintiffs further ask for an order returning the seized PRODUCTS DIRECT® SWEEPSTAKES terminals to the Plaintiffs.

## COUNT II
### (Injunctive Relief)

26. The allegations contained in paragraphs 1 through 25 herein are realleged and incorporated herein by reference.

27. As set forth above, the seizure of the PRODUCTS DIRECT® SWEEPSTAKES terminals by the Defendants, the retention of the PRODUCTS DIRECT® SWEEPSTAKES terminals by the Defendants, and the statements made by Defendant Prosecutor KANESHIRO violate Plaintiffs' constitutional rights.

28. Plaintiffs have no plain, adequate, or complete remedy to speedily redress the wrongs complained of herein other than this action. Any other remedy to which Plaintiffs could be entitled to would be attended by such uncertainties and delays that it would cause further irreparable injury, damage and inconvenience to them. Damages are not adequate to protect Plaintiffs from the continuing effects of the abridgement of their constitutional rights.

29. Plaintiffs are thus entitled to injunctive relief, both in the form of a temporary restraining order and/or preliminary injunction and in the form of a permanent injunction, enjoining the Defendants from seizing the PRODUCTS DIRECT® SWEEPSTAKES terminals owned and distributed by Plaintiffs and from interfering in any manner in the Plaintiffs' operation and distribution of said PRODUCTS DIRECT® SWEEPSTAKES terminals and from

infringing upon Plaintiffs' constitutional rights under the United States and Hawaii Constitutions, and for the return of the PRODUCTS DIRECT® SWEEPSTAKES terminals to the Plaintiffs.

## COUNT III
### (Monetary Damages)

30. The allegations contained in paragraphs 1 through 29 herein are realleged and incorporated herein by reference.

31. As set forth above, the seizure of the PRODUCTS DIRECT® SWEEPSTAKES terminals by the Defendants, the retention of the PRODUCTS DIRECT® SWEEPSTAKES terminals by the Defendants, and the statements made by Defendant Prosecutor KANESHIRO violate Plaintiffs' constitutional rights.

32. The seizure and retention of the PRODUCTS DIRECT® SWEEPSTAKES terminals by the Defendants, in violation of Plaintiffs' constitutional rights, along with the Defendant KANESHIRO's statements, declarations and/or warnings to the public, that such PRODUCTS DIRECT® SWEEPSTAKES terminals are illegal, and that all persons possessing, operating or playing such PRODUCTS DIRECT® SWEEPSTAKES terminals may be subject to arrest, is a direct and proximate cause of damages to Plaintiffs in the form of lost and/or reduced use of the PRODUCTS DIRECT® SWEEPSTAKES terminals and the accompanying loss of revenue. Defendants' have proximately caused said damages.

33. Plaintiffs are, therefore, entitled to an award against Defendants for said damages in an amount to be proven at the trial in this matter.

**WHEREFORE**, Plaintiffs pray that the Court grant them the following relief against Defendants KEITH M. KANESHIRO, LOUIS M. KEALOHA, the HONOLULU POLICE DEPARTMENT and the Doe Defendants (collectively "Defendants") as follows:

A. A declaratory judgment that the PRODUCTS DIRECT® SWEEPSTAKES terminals do not violate the gambling laws of the State of Hawaii and that any seizure of these PRODUCTS DIRECT® SWEEPSTAKES terminals by the Defendants is: (i) an illegal search and seizure in contravention to the provisions of the Fourth and Fourteenth Amendments to the United States Constitution to be free from illegal search and seizure, (ii) in contravention to Article I, Section 7 of the Hawaii Constitution to be free from unreasonable searches and seizures and search warrants issued without probable cause, (iii) is in contravention to the provisions of the Fifth and Fourteenth Amendments to the United States Constitution which prohibits the denial of property rights without due process of law or just compensation, (iv) is in contravention to the provisions of Article I, Section 2 of the Hawaii Constitution which gives all persons the right to the enjoyment of life and the possession of property, and (v) is in contravention to the provisions of Article I, Section 5 of the Hawaii Constitution which prohibits persons from being deprived of property without due process of law.

B. An order returning the seized PRODUCTS DIRECT® SWEEPSTAKES terminals to the Plaintiffs for the reasons set forth above.

C. A temporary restraining order and/or a preliminary injunction enjoining and restraining Defendants from seizing the PRODUCTS DIRECT® SWEEPSTAKES terminals owned and distributed by Plaintiffs and from interfering in any manner in the Plaintiffs' operation and distribution of said PRODUCTS DIRECT® SWEEPSTAKES terminals (including but not limited to statements regarding thereof) and from infringing upon Plaintiffs' constitutional rights under the United States and Hawaii Constitutions and for the return of the PRODUCTS DIRECT® SWEEPSTAKES terminals to the Plaintiffs.

D.  A permanent injunction enjoining and restraining Defendants from seizing the PRODUCTS DIRECT® SWEEPSTAKES terminals owned and distributed by Plaintiffs and from interfering in any manner in the Plaintiffs' operation and distribution of said PRODUCTS DIRECT® SWEEPSTAKES terminals (including but not limited to issuing statements, declarations and/or warnings to the public regarding the legality thereof) and from infringing upon Plaintiffs' constitutional rights under the United States and Hawaii Constitutions and for the return of the PRODUCTS DIRECT® SWEEPSTAKES terminals to the Plaintiffs.

E.  An award of damages to the Plaintiffs for the Defendants' deprivation of the Plaintiffs' rightful use of their property in an amount to be proven at the trial in this matter.

F.  An award for reasonable attorney's fees and costs; and

G.  Such other and further relief as the Court deems just and appropriate.

DATED: Honolulu, Hawaii, October 12, 2012.

_____
KEITH M. KIUCHI
Attorney for Plaintiffs

IN THE DISTRICT COURT OF THE FIRST CIRCUIT

HONOLULU DIVISION

STATE OF HAWAII

SEARCH WARRANT

| | |
|---|---|
| STATE OF HAWAII ) | S.W. 2012 - 238 |
| CITY AND COUNTY OF HONOLULU ) | |

TO THE HIGH SHERIFF OF THE STATE OF HAWAII, OR HIS DEPUTY, OR THE CHIEF OF POLICE, OR HIS DEPUTY, OR ANY LAW ENFORCEMENT OFFICER IN THE FIRST CIRCUIT, CITY AND COUNTY OF HONOLULU, STATE OF HAWAII:

Affidavit having been made before me by Honolulu Police Department Detective Aaron YOUNG that he has reason to believe that the property described herein may be found at the locations set forth herein and that it falls within those grounds indicated below by "XXX" (s) in that it is property:

XXX    obtained in violation of Section 712-1222 and Section 712-1226 of the Hawaii Revised Statutes;

XXX    which is, or has been used as a means of committing the offense of Promoting Gambling in the Second Degree in violation of Section 712-1222 of the Hawaii Revised Statutes and Possession of a Gambling Device in violation of Section 712-1226 of the Hawaii Revised Statutes;

XXX    possessed or controlled in violation of Section 712-1222 of the Hawaii Revised Statutes and Section 712-1226 of the Hawaii Revised Statutes; and/or

XXX    which is evidence of the criminal offenses of Promoting Gambling in the Second Degree in violation of Section 712-1222 and Possession of a Gambling Device in violation of Section 712-1226 of the Hawaii Revised Statutes.

**EXHIBIT A**

and as I am satisfied that there is probable cause to believe that the property described herein is contained on or within the premises described below and that the foregoing grounds for application for issuance of the search warrant exists;

<u>YOU ARE COMMANDED TO SEARCH:</u>

A. The following locations of establishments doing business as "Winner's Zone":

1. The Ewa Beach location, which is located at 91-896 Makule Road, Ewa Beach, HI 96706 as described on tax map key: 91034023 (REFER TO ATTACHMENT #3 & #10);
2. The Pearl City location, which is located at 97-719 Kamehameha Highway, Pearl City, HI 96782 (REFER TO ATTACHMENT #3A & #10A);
3. The Wahiawa location, which is located at 823 California Avenue, Wahiawa, HI 96786 as described on tax map key: 74012004 (REFER TO ATTACHMENT #3B, #10B, & #10B(a));
4. The Waikiki location, which is located at 2301 Kuhio Avenue Unit #101, Honolulu, HI 96815 as described on tax map key: 26022043 (REFER TO ATTACHMENT #3C & #10C);
5. The Waipio location, which is located at 94-1235 Ka Uka Boulevard #E, Waipahu, HI 96797 as described on tax map key: 94127027 (REFER TO ATTACHMENT #3D & #10D);
6. The Ward Avenue location, which is located at 320 Ward Avenue #114, Honolulu, HI 96814 as described on tax map key: 21052020 (REFER TO ATTACHMENT #3E & #10E);

The premises to be searched are located within the City and County of Honolulu, State of Hawaii;

B. Any and all storage areas located within the above-mentioned premises as described in Paragraph A; and/or

C. Any and all closed containers located in or on the above-mentioned premises and/or storage areas as described in Paragraphs A and B;

For the following property:

1. "Products Direct Sweepstakes" terminals and/or machines;

2. Paraphernalia associated with "Products Direct Sweepstakes" terminal and/or machine operations, including but not limited to electronic components and circuitry, video monitors, circuit boards, notebooks, pieces of paper, signs, and keys for said machines;

3. United States currency associated with said "Products Direct Sweepstakes" terminals and/or machines and containers therein where such currency may be stored;

4. Records associated with "Products Direct Sweepstakes" terminal and/or machine operations; that the records include, but are not limited to, ledgers, logbooks, receipts, tickets, letters, lists, notes, personal telephone lists, photographs, video cameras, video television monitors, and video recording devices used in close circuit surveillance, books and other related documents of such operations;

5. Personal property tending to establish the identity of persons in control of premises, containers and storage areas; that the personal identification records include, but are not limited to personal identification, bills, bank account statements, checks, photographs, rental receipts, rental agreements, keys and documents, tending to establish ownership to the premises, containers, and/or storage areas;

pursuant to Section 803-32 of the Hawaii Revised Statutes, as amended and Rule 41 of the Hawaii Rules of Penal Procedure, and

| STATE OF HAWAI'I<br>CIRCUIT COURT<br>OF THE FIRST CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|
| PLAINTIFF, vs.<br>PJY ENTERPRISES, LLC a Hawaii limited liability company; LUCKY G ENTERPRISES, INC., a Hawaii corporation; S L & G INVESTMENTS, LLC; a Hawaii limited liability company, WZ WAIKIKI PARTNERS, LLC, a Hawaii limited liability company; WZ WAHIAWA PARTNERS, LLC, a Hawaii limited liability company; PHG Entertainment, LLC; a Hawaii limited liability company; | | DEFENDANT.<br>KEITH M. KANESHIRO, in his official capacity as the Prosecuting Attorney of the City and County of Honolulu; LOUIS M. KEALOHA, in his official capacity as the Chief of Police of the City and County of Honolulu; HONOLULU POLICE DEPARTMENT; John Does 1-10; Jane Does 1-10; |

PLAINTIFF'S ADDRESS (NAME, ADDRESS, TEL. NO.)
KEITH M. KIUCHI, ALC
KEITH M. KIUCHI  #2735
1001 BISHOP STREET, SUITE 985
HONOLULU, HI 96813
TEL. NO. 533-2230
FAX. NO. 533-4391

### TO THE ABOVE-NAMED DEFENDANT(S)

You are hereby summoned and required to file with the court and serve upon KEITH M. KIUCHI, ALC, 1001 BISHOP STREET, SUITE 985, HONOLULU, HI 96813, plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| DATE ISSUED | CLERK | | |
|---|---|---|---|
| OCT 12 2012 | N. AMAYA | [SEAL] | |
| I do hereby certify that this is full, true, and correct copy of the original on file in this office | Circuit Court Clerk | | |

In accordance with the Americans with Disabilities Act and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the First Circuit Court Administration Office at PHONE NO. 539-4333, FAX 539-4322, or TTY 539-4853, at least ten (10) working days prior to your hearing or appointment date.

Reprographics (07/11)                                                   SUMMONS TO ANSWER CIVIL COMPLAINT  1C-P-787