IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PJY ENTERPRISES, LLC, a Hawaii limited liability company; LUCKY G ENTERPRISES, INC., a Hawaii corporation; S L & G INVESTMENTS, LLC; a Hawaii limited liability company, WZ WAIKIKI PARTNERS, LLC, a Hawaii limited liability company; WZ WAHIAWA PARTNERS, LLC, a Hawaii limited liability company; and PMG ENTERTAINMENTS, LLC; a Hawaii limited liability company;<br><br>Plaintiffs,<br><br>vs.<br><br>KEITH M. KANESHIRO, in his official capacity as the Prosecuting Attorney of the City and County of Honolulu; LOUIS M. KEALOHA, in his official capacity as the Chief of Police of the City and County of Honolulu; HONOLULU POLICE DEPARTMENT; JOHN DOES 1-10; JANE DOES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10;<br><br>Defendants. | CIVIL NO. 12-00577 (LEK-KSC) (Other Civil Action)<br><br>DECLARATION OF TRACY YOSHIMURA |

## DECLARATION OF TRACY YOSHIMURA

I, TRACY YOSHIMURA, declare and state:

1.       That I am presently the Manager-Member of PJY Enterprises, LLC ("PJY").  PJY is a Hawaii limited liability company authorized to do business in the City and County of Honolulu, State of Hawaii.  All of the facts set forth in this Declaration are within my personal knowledge.

2.      PJY is the authorized Hawai`i distributor of the PRODUCTS DIRECT®

SWEEPSTAKES terminals.  I am fully familiar with the operation of these terminals.  Exhibit

"3" attached hereto is a true and correct copy of the rules for the PRODUCTS DIRECT®

SWEEPSTAKES terminals.  These rules are available on each of the terminals and on various

websites.

3.      The PRODUCTS DIRECT® SWEEPSTAKES terminals are machines that are a

legitimate promotion of a bonafide product and operate as follows:

a.      The PRODUCTS DIRECT® SWEEPSTAKES terminal describes the

promotion, and the rules on the screen clearly and prominently state that no purchase is

necessary and that a purchase will not improve the chances of winning the sweepstakes.

b.      The customer walks up to the PRODUCTS DIRECT® SWEEPSTAKES

terminal, and inserts paper money into the bill acceptor.

c.      The PRODUCTS DIRECT® SWEEPSTAKES terminal prints out a

discount coupon for the purchase of consumer product(s) to be purchased on an internet

website from Products Direct.  The coupon is worth twice the value of the amount of

money inserted into the terminal and is subject to a cap of 30% discount for the purchase

of these consumer products.

d.      The customer can go online and redeem the coupon at

www.redeemsite.com or at www.productsdirectwebsite.com.  All of the accumulated

discount coupon values purchased and redeemed by a customer are maintained and saved

in an account which is set up for each and every customer.  All discount values

accumulated in a customer's account remain valid for 90 days after the ending date of the

Sweepstakes. Exhibit "20" attached hereto is a true and correct copy of screens from the www.redeemsite.com

e.      In connection with the purchase of the discount coupon, the customer receives free entries into the sweepstakes. The customer can play one of several "fun" games to reveal whether they have won anything or they can instantly find out by selecting the "Reveal Instant Winners" button.  The customer is not required to play any of the "fun" games to see if he or she has won.  The various "fun" games on the terminals, as well as the "Reveal Instant Winner's" button, merely function as the "revealing mechanisms", or "methods" to reveal what the consumer has won with their entry or entries.  In the case of the PRODUCTS DIRECT® SWEEPSTAKES entries, the consumer chooses one of the "fun" games, or the "Reveal Instant Winner's" button to see whether or not an entry is a "winner"; and if it is a "winner", to see what the value of that "winning" entry is.  In the case of the McDonald's® Monopoly Game, the consumer receives their Monopoly Game pieces ("entries") by either requesting a "free" entry, or purchasing specially selected items from the McDonald's® menu.  In the case of the McDonald's® Monopoly Game, the game pieces are the "entries", and the game pieces/entries serve as the "revealing mechanism".  To see what a consumer has won, he/she simply peels open the game piece to "reveal" the value of that particular "entry".

f.      Instead of purchasing a discount coupon, a customer can enter the sweepstakes without a purchase. A customer can follow the instructions on the terminal screen (or the posted written rules) and write in for a free entry code.  Upon receipt of the free entry code, the customer must return to the same terminal from which the "request for a free entry code" was made, and type in the code to redeem his or her "free entries".

This requirement ensures that the customer's entries come from the "same pool" from which he/she had requested the free entry. Upon entering the code, the customer receives 100 free entries to play the sweepstakes. Each such entry has the same chance of winning as an entry obtained in connection with the purchase of a discount coupon.

4.     That the PRODUCTS DIRECT® SWEEPSTAKES terminals in the game arcades operated by Plaintiffs Lucky G, S L & G, WZ Waikiki, WZ Wahiawa and PMG, were sold to those Plaintiffs by PJY. All of those machines were operated in the same manner set forth in Paragraph 3 above and Exhibit "3" attached hereto.

5.     That prior to placing the PRODUCTS DIRECT® SWEEPSTAKES terminals in this market I personally did research regarding the history of similar sweepstakes promotions.

6.     That my research produced the following documents regarding that sweepstakes promotion known as Ad-Tabs® Coupon Cards:

A.     A letter from Jay Kimura, Prosecuting Attorney for the County of Hawai`i, dated November 3, 2004, which stated that the Ad-Tabs® Coupon Cards were legal and were not gambling. A true and correct copy of that letter is attached as Exhibit "4".

B.     A letter from Janice Pakele of the Hawai`i County Dept. of Liquor Control stating that the Dept. of Liquor Control had no objections to this promotion, referring to the Ad-Tabs® Coupon Cards. A true and correct copy of that letter is attached as Exhibit "5".

C.     A letter from Dexter Shimizu, an investigator with the Kaua`i County Dept. of Liquor Control that concurred with the opinion of the Office of the Prosecuting Attorney for the County of Kaua`i regarding the Ad-Tabs® Coupon Cards. A true and correct copy of that letter is attached as Exhibit "6". That opinion of the Office of the Prosecuting

4

Attorney for the County of Kaua`i was that the Ad-Tabs® Coupon Cards did not violate Hawaii's gambling statute.

7. A current set of rules for the Ad-Tabs® Coupon Cards taken from their website is attached hereto as Exhibit "7".

8. My research also produced a finding that a sweepstakes promotion known as "Phone Cards" were approved by the Honolulu Liquor Commission. Letters showing such a promotion was approved by the Honolulu Liquor Commission are attached as Exhibit "8".

9. That I researched any action that the Honolulu Liquor Commission took regarding the phone cards sweepstakes promotion. My research produced the following documents:

A. Exhibit "10" attached hereto is a true and correct copy of a newspaper article in the Honolulu Advertiser dated July 20, 2006 regarding a hearing at the Honolulu Liquor Commission on July 20, 2006 regarding the disposition of vending machines that dispense "sweepstakes" game cards that also can be used to make long-distance telephone calls.

B. Exhibit "11" attached hereto is a true and correct copy of a newspaper article in the Honolulu Star-Bulletin dated July 21, 2006 that states that the Honolulu Liquor Commission declined to decide whether phone card vending machines are illegal gambling devices and that the Commission "will likely seek the opinion of the city Prosecutor's Office."

10. In my research I also found testimony dated February 10, 2009 submitted by Dewey H. Kim, Jr., former Administrator of the Honolulu Liquor Commission, supporting a legislative bill that would make certain sweepstakes promotions gambling illegal, and be considered gambling. Mr. Kim refers to the "Ad-Tabs® machines" that were approved, but actually the Honolulu Liquor Commission approved the use of phone cards and not the Ad-Tabs® Coupon Cards.

11.    That on September 28, 2012 the Prosecuting Attorney for the City and County of Honolulu, Mr. Keith Kaneshiro, held a news press conference (the "news press conference"). After this news press conference I looked at several sources to ascertain the statements made by Mr. Kaneshiro at this news press conference. I personally looked at the Honolulu Star-Advertiser articles of the news press conference and the website of KHON News to verify the statements made at this news press conference. Based upon my own research, Mr. Kaneshiro made the following statements at this news press conference:

a.    "It's elementary you put in money with the intent of winning money, you either win or lose money and that's gambling". (Source: KHON News)

b.    "We did extensive legal research and there are case laws (sic) across the nation that support our position that indicates these machines are gambling machines." (Source: KHON News)

c.    "Legal research showed cases in which courts in Mississippi and Missouri have determined the machines are illegal gambling devices." (Source: Honolulu Star-Advertiser)

d.    "Citizens are put on notice that these are gambling machines and gambling is illegal in Hawaii." (Source: Honolulu Star-Advertiser)

12.    Plaintiff PJY Enterprises, LLC ("PJY") has placed the PRODUCTS DIRECT® SWEEPSTAKES terminals in licensed liquor establishments in the County of Kaua'i and the City and County of Honolulu.

13.    To place the PRODUCTS DIRECT® SWEEPSTAKES terminals in licensed liquor establishments in the City and County of Honolulu PJY had to obtain the approval of the Honolulu Liquor Commission. Exhibit "18" attached hereto is the initial petition filed by PJY and GDFT, LLC dba Kanpai Bar & Grill (the "liquor licensee"), with the Honolulu Liquor

Commission to obtain the approval for the placement of these PRODUCTS DIRECT®

SWEEPSTAKES terminals. Exhibit "19" attached hereto is a true and correct copy of a petition

filed with the Honolulu Liquor Commission on behalf of PJY and that liquor licensee. Exhibit

"9" attached hereto is a letter approving the placement of the PRODUCTS DIRECT®

SWEEPSTAKES terminals in that specific establishment. The approval was given at a meeting

of the Honolulu Liquor Commission held on June 9, 2011. Subsequent to this approval the

Honolulu Liquor Commission approved the placement of the PRODUCTS DIRECT®

SWEEPSTAKES terminals in several other liquor licensed establishments in the City and

County of Honolulu. The approval process with the Honolulu Liquor Commission included PJY

demonstrating the use of the machines to investigators with the Honolulu Liquor Commission.

At all hearings before the Honolulu Liquor Commission a Deputy Corporation Counsel was

present to advise the Honolulu Liquor Commission; and in fact, the Commission went into

executive session during the two initial hearings to consult with legal counsel.

14. To place the PRODUCTS DIRECT® SWEEPSTAKES terminals in Kaua'i, Matt

Matsunaga, an attorney who also represented PJY, sent a packet to the Kaua'i County Dept. of

Liquor Control explaining why the PRODUCTS DIRECT® SWEEPSTAKES terminals were

legal. His letter, and the exhibits referred to in the letter, are attached to this Declaration as

Exhibit "21". After this letter was sent, the Prosecuting Attorney on Kaua'i sent a memorandum

to the Dept. of Liquor Control expressing her concerns regarding the legality of the PRODUCTS

DIRECT® SWEEPSTAKES terminals, and a true and correct copy of that memorandum is

attached hereto as Exhibit "22". On November 29, 2011 Mr. Keith Kiuchi, who represents PJY

in this matter, sent a letter to the Dept. of Liquor Control addressing those concerns. That letter

to the Kaua'i County Dept. of Liquor Control is attached as Exhibit "23". After that letter was

sent, Mr. Matsunaga and Mr. Kiuchi had discussions with (Kaua'i) Deputy Corporation Counsel Maunakea Trask. The end result is the PRODUCTS DIRECT® SWEEPSTAKES terminals are allowed in Kaua`i, and no action has been taken to ask that those PRODUCTS DIRECT® SWEEPSTAKES terminals be removed.

15.    The PRODUCTS DIRECT® SWEEPSTAKES terminals are presently placed in four states: South Carolina, Ohio, Pennsylvania, and Hawaii. Prior to placing the PRODUCTS DIRECT® SWEEPSTAKES terminals in the states of South Carolina and Ohio, the manufacturer of these terminals asked for and obtained legal opinions from attorneys in both states. Exhibit "25" attached hereto is a true and correct copy of the legal opinion from an attorney in South Carolina as to the legality of the PRODUCTS DIRECT® SWEEPSTAKES terminals. Exhibit "24" attached hereto is a true and correct copy of the legal opinion from an attorney in Ohio as to the legality of the PRODUCTS DIRECT® SWEEPSTAKES terminals.

16.    There are other machines featuring sweepstakes promotions in the City and County of Honolulu, as well as other areas in the State of Hawaii. These other machines, which are NOT distributed by PJY, all sell either internet or phone time. Some of these machines have serious flaws and/or deficiencies in the way that they operate which appear to make them "illegal" by allowing the customer to directly "re-play" their "wins". Without being required to make any further bona fide purchases to receive additional "entries" to continue playing, the customer is directly "paying to play". Other machines allow customers to purchase tens and in some cases hundreds of hours of internet or phone time, in one visit, but do not provide a means for the customer to "retain" the "excess internet or phone time purchased for future use" and/or the machines force the customer to use only a select few "designated" terminals for purposes other than playing the casino type games which require "entries". None of the machines

featuring other deficient sweepstakes promotions have been seized by the Honolulu Police Department or the Prosecuting Attorney of the City and County of Honolulu.

17.    As a direct result of these other sweepstakes machines not being seized, and proclaimed to be "illegal", my competitors, who sell and/or operate these other sweepstakes machines, have been telling our potential customers that their machines were not seized and that they should not purchase or use the PRODUCTS DIRECT® SWEEPSTAKES terminals because these terminals are "illegal". My competitors have been using the statements of Defendant Prosecutor Kaneshiro that the PRODUCTS DIRECT® SWEEPSTAKES terminals are illegal against my business. As a direct result I have been unable to sell any PRODUCTS DIRECT® SWEEPSTAKES terminals, the number of customers in locations where the PRODUCTS DIRECT® SWEEPSTAKES terminals are located has dropped significantly, while the number of customers in the competitor's locations have increased significantly. Thus, this has done irreparable harm to my business goodwill. PJY's only business is selling these terminals.

18.    I have followed legislation introduced in the Hawaii State Legislature regarding sweepstakes concepts. The legislature has considered legislation to make certain sweepstakes concepts illegal; specifically bills SB4SD1 and HB543 (during the 2011-12 legislative sessions). Those bills attempted to eliminate the defense of "free play" if (with regard to SB4) the free play was offered by mail or electronic communication as an alternative to play via purchase of: (a) an item that IS NOT bona fide, or is offered at a price that IS disproportionate to the value of the item purchased; or (b) a chance to win if the free play by mail or electronic communication is offered from a pool different from the pool from which the chance to win via purchase is drawn. According to the Committee Report of the Senate Committee on Judiciary and Labor, SB4 SD1 was an attempt to "close a loophole in the gambling laws that allows gaming machines in

restaurants and other establishments". These bills appear as an attempt by the Hawaii State Legislature to specifically target the type of sweepstakes schemes currently being utilized by some of the "Other machines" being distributed and operated in the State of Hawai`i.

19.   Exhibit "30" attached hereto is a true and correct copy of an editorial dated October 16, 2012, in the Honolulu Star-Advertiser.

20.   Exhibit "31" attached hereto is a true and correct copy of a letter to the editor of the Honolulu Star-Advertiser that was written by Dave Koga, a representative of the Office of the Prosecuting Attorney, City and County of Honolulu in response to Exhibit "30".

I declare, under penalty of law, that the foregoing is true and correct to the best of my information and belief.

DATED:  Honolulu, Hawaii, October 30, 2012.

TRACY YOSHIMURA