**EXHIBIT "2"**

# Keith M. Kiuchi, A Law Corporation

1001 Bishop Street, ASB Tower, Suite 985 | Honolulu, HI 96813 | Tel.: (808) 533-2230 |
FAX: (808) 533-4391

**VIA HAND DELIVERY and**
**UNITED STATES MAIL**

October 5, 2012

Mr. Keith M. Kaneshiro
Prosecuting Attorney
City and County of Honolulu
1060 Richards St., 10th Floor
Honolulu, HI 96813

    **Re:   Seizure of 77 Products Direct Sweepstakes Terminals**

Dear Mr. Kaneshiro:

    I jrepresent PJY Enterprises, LLC, the distributor of the Products Direct Sweepstakes terminals ("Products Direct terminals"). I also represent the owners of the various Winner'z Zone arcades in Ewa Beach, Pearl City, Wahiawa, Waikiki, Waipio and Ward Avenue, where the Honolulu Police Department seized 77 Products Direct terminals, asserting in search warrants that these were gambling devices under the Hawaii Revised Statutes.

    This letter is to set forth the position of my clients and to give the Office of the Prosecuting Attorney the opportunity to return the terminals to my clients before legal action is taken for the rightful return of those terminals to my clients.

    You have been quoted at the press conference that you called on Friday, September 28, 2012 that these terminals are illegal stating: "It's elementary you put in money with the intent of winning money, you either win or lose money and that's gambling." (Source: KHON News) You have been further quoted as stating that: "We did extensive legal research and there are case laws (sic) across the nation that support our position that indicates these machines are gambling machines." (Source: KHON News) In citing the specific basis of this legal research you stated: "Legal research showed cases in which courts in Mississippi and Missouri have determined the machines are illegal gambling devices." (Source: Honolulu Star-Advertiser) You further stated that: "Citizens are put on notice that these are gambling machines and gambling is illegal in Hawaii." (Source: Honolulu Star-Advertiser) If any of these quotes are not correct please let me know as this information is taken directly from the sources quoted.

    This letter fully sets forth why your legal analysis is flawed and your research is simply incorrect.

**EXHIBIT 2**

Page 2
Letter to Mr. Keith M. Kaneshiro
October 5, 2012

First, you stated that the Products Direct terminals were illegal because: "It's elementary you put in money with the intent of winning money, you either win or lose money and that's gambling." That statement does not accurately reflect Hawaii's gambling statute. Hawaii law defines "gambling" as where a person "stakes or risks something of value upon the outcome of a contest of chance or a future contingent event not under his control or influence, upon an agreement or understanding that he or someone else will receive something of value in the event of a certain outcome." Sec.712-1220(4), H.R.S. The statute thus requires three essential elements: (a) that a person risks something of value, (b) that the contest is a game of chance and (c) that the person receives something of value in the event of a certain outcome, or, put quite simply, consideration, chance and reward. If any one of these three elements is missing then the activity does not constitute gambling. There is no requirement that the person "put in money with the intent of winning money", nor is the legal determination conditioned on whether you "win or lose money".

The Products Direct terminals do not violate the statute because it is a sweepstakes game, the type of game found in the form of the "Monopoly"™ game at McDonald's, which gives free entries. There is no consideration paid for the entry as free entries are available if the customer writes to the company. In the case of the Products Direct terminals, the customer is purchasing discount coupons for the money, and AFTER they purchase those discount coupons the customer is entered into the sweepstakes. Much like the McDonald's promotion, the Products Direct terminals offer a product, (i.e., discount coupons), that is directly related to what the manufacturer sells. In this case Products Direct sells consumer products online and thus the discount coupons are directly tied in. There is no purchase payment, entry fee, or proof of purchase that is required as a condition of entering the game promotion and potentially winning a prize. As set forth in the sweepstakes rules which are on the terminal screen and in writing posted at the terminal site, a customer may enter the sweepstakes without a purchase by sending a written request to Products Direct. Again, it is important to emphasize that Products Direct terminals dispense discount coupons for products that are promoted on its website and there is therefore, a direct correlation between the product being sold and the company offering the sweepstakes. Thus the product promoted is strongly related to the product that the customer is purchasing. There is, quite simply, no consideration paid to enter the sweepstakes. The consideration is paid for the discount coupon. There is thus no "risk" of something of value, but rather a purchase of something of value.

Second, you have stated that your office has done "extensive legal research" and that this research supports the proposition, including cases in Missouri and Mississippi, that these terminals are gambling machines. I have emphasized the word these terminals because the Products Direct terminals are presently only in four states, South Carolina, Ohio, Pennsylvania, and Hawaii. There have been no court cases on these terminals in Ohio, Pennsylvania or Hawaii, and there have been decisions, at the magistrate court level in South Carolina, finding both that

Page 3
Letter to Mr. Keith M. Kaneshiro
October 5, 2012

the terminals are legal and illegal. In South Carolina a circuit court affirmed the finding of the magistrate court that the terminals were legal (although the circuit court decision was later vacated). Regarding the case law in the two states that you mentioned,

in the State of Missouri, there is an attorney general's opinion that validates the legality of this type of terminal. There have been numerous court decisions across the country that have ruled on different permutations of the "concept" that the customer buys a product, which ranges from a phone card to internet time to a discount coupon, and gets entered into the sweepstakes.

In Missouri the Office of the Attorney General wrote an opinion on November 17, 2010 which found that machines that reveal the results of a "raffle" or "sweepstakes" are not a "gambling device". The opinion, which is attached as Exhibit "A" to this letter, cogently analyzes Missouri case law, including the Missouri Court of Appeals decision in *Veterans of Foreign Wars Post 6477 v. Missouri Gaming Commission,* 260 S.W.3d 288 (Mo.App.W.D. 2008). I have read this 2008 decision and it relates to a machine that simply accepted money for game play and gave no product for the money. Perhaps it was this case that prompted you to make your statement about putting money in (a machine) with the intent of gambling. The point is that this case did NOT decide the legality of the Products Direct terminals. I am also attaching the request to the Missouri Attorney General's office for an opinion as Exhibit "B".

Similarly your statement that case law in Mississippi has found these machines to be illegal is incorrect. The most recent appellate case in Mississippi regarding gaming machines was *Moore v. Mississippi Gaming Commission,* ___ So.3d ___, 2011 WL 1136464 (Mississippi Court of Appeals, March 29, 2011). In that case (a copy of which is attached as Exhibit "C"), a Mississippi appellate court found that a machine that offered a sweepstakes promotion was an illegal slot machine. In that case it was argued that the Mississippi Supreme Court in *Mississippi Gaming Commission v. Treasured Arts, Inc.,* 699 So.2d 936 (Miss.1997) found that a "scratch-and-win" game piece that accompanied a long-distance telephone card was not a lottery and was legal. The court in *Moore* pointed out that the machine in question (which sold internet time using a telephone calling card) in that case was alleged to violate the law prohibiting slot machines and the cards in *Treasured Arts* were telephone cards that were alleged to violate the lottery statutes. The Mississippi statute regarding "slot machines" is very different than the Hawaii statute regarding gambling. As important, the court in *Moore* pointed out that there were thirty-nine computer terminals in Moore's internet café equipped with card readers for customers to see if they won the sweepstakes but only a single computer devoted to internet access for the internet time that the customers were buying. In the case of the Products Direct terminals the customers buy the product, the discount coupon, on the machine and use the same machine to see if they have won the sweepstakes.

In jurisdictions where the Products Direct terminals are placed, courts have found the exact machine to be legal in South Carolina and a similar machine to be legal in Ohio. In Ohio a Toledo Municipal Court in Lucas County in *State of Ohio v. Dabish,* case No. CRB-08-25138 (Toledo Municipal Court, November 18, 2009) found that a machine that sold phone cards that had a sweepstakes component to it was legal as the customer was purchasing a phone card and then could play a computer-generated game with a predetermined outcome to see if they won the sweepstakes. A copy of that decision is attached as Exhibit "D". In its decision, the Toledo Municipal Court said that it was "mystified at the predominant purpose of the machines" argument made by the State. What the court found persuasive was that the machines were a "clever and apparently profitable marketing tool" to sell phone cards. In citing the decision of the Massachusetts Supreme Court in *Mobil Oil Corporation v. Attorney General,* 361 Mass. 401, 407 (1972), the court observed that "the incidental increase in business attendant upon the use of promotional games . . . is not the type of consideration necessary to make [such] games lotteries." As recently as September of this year, a magistrate court's decision in *Greenville County Sheriff's Office vs. Sweepstakes Terminal No. 0399* (County of Greenville Magistrate's Court, September 4, 2012) upheld the legality of the exact same machine that is in question here. A copy of that decision is attached as Exhibit "6" to Exhibit "E". This decision came after a Circuit Court in South Carolina had upheld the same magistrate's decision in the same case, holding that the terminals were legal (Exhibit "I"), but then remanded the matter back to the magistrate after a motion for reconsideration was filed (Exhibit "J"). The remand was solely for the purpose of allowing the state to present more evidence before the magistrate. The proceeding was held before the magistrate resulting in the September 4, 2012 decision.

PJY has made every effort to address concerns raised about the legality of the Products Direct terminals. We have had to address these concerns from the Honolulu Liquor Commission and the Dept. of Liquor Control in Kaua'i County. Matt Matsunaga, who also represents PJY, sent a very comprehensive packet to the Kaua'i County Dept. of Liquor Control explaining why the Products Direct terminals were legal. His letter, and the exhibits referred to in the letter, are attached to this letter as Exhibit "E". After this letter was sent, the Prosecuting Attorney on Kaua'i sent a memorandum to the Dept. of Liquor Control expressing her concerns regarding the legality of the Products Direct terminals (attached as Exhibit "F"). On November 29, 2011 I sent a letter to the Dept. of Liquor Control addressing those concerns. That letter to the Kaua'i County Dept. of Liquor Control is attached as Exhibit "G". After that letter was sent, Mr. Matsunaga and I had discussions with (Kaua'i) Deputy Corporation Counsel Maunakea Trask. The end result is the Products Direct terminals are allowed in Kaua'i, and no action has been taken to ask that those terminals be removed, despite the actions taken last week on the Products Direct terminals in the Winnerz Zone locations.

In every state where the Products Direct terminals have been placed, the manufacturer of these terminals has taken care to obtain legal opinions regarding the legality of these terminals.

Page 5
Letter to Mr. Keith M. Kaneshiro
October 5, 2012

A copy of the legal opinion from an attorney in South Carolina is attached as Exhibit "5" to Exhibit "E". A copy of the legal opinion from an attorney in Ohio is attached as Exhibit "H". We will acknowledge that litigation in South Carolina continues, but magistrate courts in that state have found the terminal to be legal and other magistrate courts have had a different opinion. The only circuit court opinion on this issue in South Carolina holds that the terminals are legal. The point is that care has been taken, both by the distributor in each state and the manufacturer, to do extensive legal research regarding the legality of these terminals. It is in that context that we find your statements at the press conference last week Friday to be both incorrect and your analysis therein flawed. This letter fully sets forth why the Products Direct terminals are legal.

The confusion over what machines are legal or not legal in Hawai'i is perhaps understandable since there are several other products in this market using the sweepstakes theme. Some of these products, such as the phone cards, have been in use for over five years without any legal challenges, but have been targeted by the state legislature in bills introduced. That certainly supports our point that the sweepstakes concept has been legal in Hawai'i for several years. If it weren't, why would the legislature consider legislation to make it illegal; specifically bills SB4 – SD1 and HB543 (during the 2011-12 legislative session). Those bills attempted to eliminate the defense of "free play" if (with regard to SB4) the free play was offered by mail or electronic communication as an alternative to play via purchase of: (a) an item that is not bona fide or is offered at a price that is disproportionate to the value of the item purchased; or (b) a chance to win if the free play by mail or electronic communication is offered from a pool different from the pool from which the chance to win via purchase is drawn. There are currently other sweepstakes machines currently being placed and operated in the State of Hawaii, which sell internet and phone time, and which appear to be the targets of these bills. I want to emphasize that the Products Direct terminals do not sell internet or phone time and are very different from those internet and phone time sweepstakes machines. The Products Direct terminals sell and dispense a product (the "coupons") that is bona fide, and is offered at a price that IS NOT disproportionate to its value. Further the chance to win by free play is offered from the same pool from which the chance to win via purchase is drawn.

On behalf of both PJY Enterprises, LLC and Winner'z Zone, I hereby demand that all 77 Products Direct terminals that were seized by the Honolulu Police Department last week Thursday be returned to Winner'z Zone by Thursday, October 11, 2012. We further demand that both your office and the Honolulu Police Department retract your statements that the terminals are illegal and that persons in possession of these terminals have committed a crime, and retract your statement that persons using the terminals are committing a crime. If the terminals are not returned by that date, I will take legal action to insure the return of the terminals and to obtain a finding from a court that the terminals are legal. I will seek injunctive relief for my clients as we believe that both your office and the Honolulu Police Department have misrepresented what the terminals are and how they are used in obtaining the search warrants that I have reviewed.

Page 6
Letter to Mr. Keith M. Kaneshiro
October 5, 2012

Continued retention of these terminals and statements that they are illegal, violate the constitutional rights of my clients to be free from unreasonable search and seizure. I would welcome the opportunity to meet with you if you have any questions regarding the Products Direct terminals or a proposed resolution of this matter short of litigation.

Sincerely,

Keith M. Kiuchi

cc: Client
Encl.