# EXHIBIT "23"

# Keith M. Kiuchi, A Law Corporation

1001 Bishop Street, ASB Tower, Suite 985 | Honolulu, HI 96813 | Tel.: (808) 533-2230 | FAX: (808) 533-4391

**VIA FACSIMILE – (808) 241-6585**

November 29, 2011

Dept. Of Liquor Control, Kaua'i County
Lihue Civic Center, Mo'ikeha Bldg.
4444 Rice St., Suite 120
Lihue, Kaua'i, HI 96766
Attn.: Mr. Eric Honma, Director

Re:   Response to Concerns re: Products Direct Sweepstakes Terminals

Dear Mr. Honma:

I represent PJY Enterprises, LLC ("PJY"), the Hawaii distributor of Products Direct Sweepstakes Terminals ("Products Direct terminals"). I have been asked by my client to respond to certain concerns that the Office of the Prosecuting Attorney had regarding the legality of the Products Direct terminals.

As I understand the memorandum from the Office of the Prosecuting Attorney for the County of Kauai ("Kauai Prosecuting Attorney"), it is their opinion that the Products Direct machines are an illegal lottery under Sec. 712-1220(6) simply because there is no free method of entry into the sweepstakes. Second, they also believe that the Products Direct machines "encourage" gambling by allowing the user to determine whether they are a winner by playing a game that is similar to a game of chance, thus violating Sec. 712-1220(1) and Sec. 712-1220(4), HRS. For the reasons set forth below we respectfully disagree with that opinion.

## Free Entry into Sweepstakes

The Kauai Prosecuting Attorney acknowledges that free game entries into the sweepstakes are available by mail but opines that these game entries are not free because the entrant must actually pay 42 cents for the postage for each ticket entry. They further make the argument that there is a "burden" and cost of a free entry. What is significant is that the Kauai Prosecuting Attorney cites no case law in any jurisdiction supporting its position. There are several court cases in other jurisdictions which support PJY's position that the type of sweepstakes used in the Products Direct terminals and the method of free entry are legal. The most significant is a decision by a North Carolina appellate court in ***American Treasures, Inc. v. State of North Carolina***, 173 NC App. 170 (2005). In that case a North Carolina appellate court held that a promotional game piece attached to a phone card was legal. In that case the promoter sold phone cards of two minutes for $1.00 and there was a free promotion game piece attached to each phone card, in which the consumer may win a prize based upon what was revealed in the


EXHIBIT 23

Page 2
Letter to Dept. Of Liquor Control, Kaua'i County
November 30, 2011

scratch off area. The court there found that the $1.00 price for two minutes of phone time was "one of the lowest priced prepaid phone cards on the market", and that it was a valid promotional scheme to sell its phone cards. In making this ruling the court noted that "consumers may receive free game pieces without purchasing the pre-paid phone card via written request" and because free game pieces were available it was "not a mere subterfuge to engage in an illegal lottery scheme". The court did not find that the method of issuing free entries, which was also on a written request, was cumbersome. The court pointed out that lotteries in states where it was permitted do not give out free entries. Thus what distinguished the lottery from the sweepstakes was the fact that the sweepstakes even gave out free entries.

The North Carolina court cited the decision of the Mississippi Supreme Court in *Mississippi Gaming Commission v. Treasured Arts, Inc.*, 669 So.2d 936 (Miss. 1997). In the Mississippi case, the Supreme Court found that the consideration was paid for the telephone card itself, not the attached game piece. Because no additional consideration was paid for the opportunity to win a prize, the element of consideration was not present, and the game piece did not constitute a lottery. The sweepstakes offered by PYJ is similar to promotions used by companies such as Pepsi Cola and McDonalds who promote their products by offering sweepstakes. With the Pepsi Cola and McDonald's Sweepstakes, the purchase of a soft drink or French fries is one method of obtaining a game piece; and also, much like the Products Direct terminals, the customer may write in to the company for a free game piece. In *Pepsi Cola Bottling Co. of Luverne, Inc. v. Coca-Cola Bottling Co., Andalusia*, 534 So.2d 295 (Ala. 1988) an Alabama court found that Pepsi's instant cash game was not a lottery. In *Pepsi, supra*, the Alabama Supreme Court held that Pepsi's bottle cap instant cash promotion did not constitute a prohibited lottery because the element of consideration was absent. The court found ...that, although the elements of a prize and award by chance were present, "the 'Pepsi Instant Cash' game is not a lottery, because participants were not required to purchase cards in order to play." Id. at 297. Moreover, "[a]ny incidental profit or benefit to Pepsi in the sale of the soft drinks containing the 'under the crown' chance neither provides the consideration to make the game a lottery nor negates the free participation aspect of the game." Id. at 297.

Following the Pepsi decision, an Alabama Attorney General concluded that a promotional program which distributed a tear off "scratch and win" game piece with the purchase of a prepaid phone card did not constitute a prohibited lottery because the element of consideration was lacking. Op. Att'y Gen. 99 28 (1998). In all of the cases cited above the customer wrote to the company to request the free game piece or entry, and in all cases the customer paid for the postage. There is NO case that would find that the postage is either an obstacle to the free entry or creates consideration for the free entry. If the Kauai Prosecuting Attorney continues to believe, in the face of this case law, that it is an issue, then Pace Manufacturing has agreed to reimburse each customer for the postage and will be writing checks of 42 cents for each customer writing for a free entry. Again, there has been NO case in which

Page 3
Letter to Dept. Of Liquor Control, Kaua'i County
November 30, 2011

the "inconvenience" was cited as a burden. Moreover, the "inconvenience" is not a factor to be considered as to whether a game becomes a lottery. As the United States Supreme Court wrote in *Federal Communications Commission v. American Broadcasting Co.*, 347 U.S. 284 (1954): "A prohibited lottery, or gambling, is the union of chance, prize and consideration. Remove any of these elements and there is no gamble." This is basically what the Hawaii statute is based on. Thus, when you take away the element of consideration by: (a) offering a free entry into the sweepstakes, and (b) offering something of value in return for a fee, then the game is no longer a lottery. Inconvenience is not, and never has been, a consideration in determining whether or not a game is an illegal lottery. As the Illinois Supreme Court held in *People v. Eagle Food Centers, Inc.* (1964), 31 Ill. 2d 535, as a general rule, a giveaway promotion or sweepstakes that entails no payment of additional consideration for a chance to win a prize is not a lottery because it takes away the element of consideration. Thus the fact that free entries are given upon written request, which are obtained by mail, is not a reason to find that the consideration element is present here and moreover, Products Direct will, by reimbursing each customer the cost of postage, take away even that barrier to a free entry.

**Products Direct Machines Do Not Encourage Gambling**

Clearly the Kauai Prosecuting Attorney has the wrong focus when it argues that simply because the games had a feature which allowed the customers to play a game, with a predetermined outcome, to find out if they had won, was illegal. As noted above, if the game does not fall within the definition of an illegal lottery to begin with how can the game be said to encourage gambling? Again, NO case law is cited in support of that proposition. That is because the United States Supreme Court has held that the consideration as to whether a game is a lottery is limited to considering whether chance, prize and consideration are present. See, *Federal Communications Commission v. American Broadcasting Co.*, 347 U.S. 284 (1954). The type of promotion used is not relevant to the consideration as to whether the game is a lottery unless it impacts on chance, prize or consideration. Arguments have been made in other jurisdictions that the attraction of the sweepstakes may be secondary to the item being sold. But as the Massachusetts Supreme Court held in *Mobil Oil Corporation v. Attorney General*, 361 Mass. 401 at 407 (1972): "The incidental increase in business attendant upon the use of promotional games . . . is not the type of consideration necessary to make [such] games lotteries." In other words, the fact that PJY has, working with the manufacturer, developed a clever promotional device that increases the sale of the Products Direct products, is not evidence of a gambling operation. The focus should be whether the Products Direct machines are a legitimate effort on the part of the manufacturer to sell a legitimate product. That is what the North Carolina appellate court looked at in *American Treasures.* In that case the court that it found that there was sufficient evidence that the promotion was commonly used to encourage the sale of numerous consumer items and thus, despite the argument that the product being sold was merely ancillary and incident to the accompanying sweepstakes, that the value of the product

Page 4
Letter to Dept. Of Liquor Control, Kaua'i County
November 30, 2011

being purchased was sufficient compatible with the price being charged to find that the product had sufficient value and utility. The focus then should be upon what is being sold rather than the packaging, or the "glitz" of the game. What is also important is that unlike machines in Alabama which have been found illegal, each machine in this case is separate and is not controlled by a master server. Thus each "prize pool" is separate, eliminating the possibility that it is tainted by the use of a server connecting the machines. The fact that the machines allow a customer to play a game to reveal whether they had won, where the customer is subject to a predetermined outcome, does not make this gambling.

    For the reasons set forth above we respectfully disagree with the opinion of the Kauai Prosecuting Attorney and assert that the Products Direct machines are legal. Please call me if you have any questions on the foregoing.

Sincerely,

Keith M. Kiuchi

cc:   Client