**EXHIBIT "24"**

# THE GEARHISER LAW FIRM, INC.

Attorney at Law

Kurt O. Gearhiser

520 East Rich Street, Columbus OH 43215-6319
(614)221-5151  (614)221-1778 FAX

February 28, 2011

Products Direct, LLC
P O Box 496
Norcross GA 30071

RE:  Product Promotion/Sweepstakes

Dear General Manager:

I'm writing this letter pursuant to your request to review your product promotion sweepstakes. I have reviewed your computerized sweepstakes revealer terminals, the manufacturer's information and promotional material, reviewed R C Chapter 2915 and several Liquor Control Commission Regulations. It is my opinion as outlined below that your product promotion sweepstakes does not violate the gambling statutes or administrative regulations of Ohio. I will focus on the legal analysis of your product promotion sweepstakes and the applicable laws and administrative regulations.

Your product promotion sweepstakes has a defined starting and ending date, and your sweepstakes terminal platform contains sixty five (65) separate sweepstakes. The amount of winning and losing entries in each sweepstakes are determined prior to the start of each sweepstakes. The terminals are simply an entertaining way to reveal winning entries and to reveal the prize associated with the entry.

It is my understanding that the sweepstakes terminals may offer various forms of merchandise, food, phone time, coupons and/or services for sale. It is my opinion that the cost of each item offered for sale must be reasonable and also comparable to the cost at other locations. The appropriate sales tax shall be charged if the product sold is taxable.

It is my belief that you have structured the promotions/sweepstakes in a similar fashion to well known promotions/sweepstakes such as soft drinks with a prize located under the cap, candy with a prize written on the inside of the wrapper or gasoline stations which provide promotional game pieces with the sale of gasoline. Products Direct is interested in increasing the sale of specific products or services at its website www.redeemsite.com and desires a product promotion sweepstakes to accomplish this

Ohio currently has no laws which regulate sweepstakes. Until the legislature acts your company should make sure that the sales activity does not violate any of the Ohio gambling laws. Ohio's gambling statutes have been amended several times in the past seven years to create new definitions, although as I stated above sweepstakes have not yet



EXHIBIT 24

been defined. When the legislature fails to define an activity one must make sure that the activity cannot be defined as an illegal activity. Therefore your sweepstakes promotions should go to great lengths to avoid falling into the definition of gambling. The elements of gambling are prize, consideration, chance and profit.

Consumers who wish to participate in the sweepstakes may enter the sweepstakes either by receiving free entries in connection with the purchase of the promotional products or by requesting free entries. You must identify and define how a free entry is to be provided to a person who requests one. Consumers who purchase the promotional products may choose to participate in the sweepstakes by using the entries and playing the computerized sweepstakes revealer terminal. The sweepstakes does not differentiate between entries granted through a purchase from those granted by request with no purchase necessary. All promotional entries, whether received with or without a purchase, have the same chance of winning the prizes.

Your sweepstakes has a computerized method for revealing whether or not a particular sweepstakes entry is a winner. A participant may access a computerized sweepstakes revealer terminal which uses entertaining video game themes to reveal the participant's awarded prize amount. The entries can be revealed one at a time through the entertaining game terminals or all of the entries can be revealed at one time.

Ohio Revised Code 2915.01 provides important definitions which need to be reviewed. The following definitions are relevant to our analysis of the legality of the computer terminals.

- Gambling" – No person shall do any of the following:
  Engage in bookmaking, or knowingly engage in conduct that facilitates bookmaking: (2) Establish, promote, or operate or knowingly engage in conduct that facilitates any game of chance conducted for profit or any scheme of chance; (3) Knowingly procure, transmit, exchange, or engage in conduct that facilitates the procurement, transmission, or exchange of information for use in establishing odds or determining winners in connection with bookmaking or with any game of chance conducted for profit or any scheme of chance; (4) Engage in betting or in playing any scheme or game of chance as a substantial source of income or livelihood; (5) With purpose to violate division (A)(1), (2), (3), or (4) of this section, acquire, possess, control, or operate any gambling device.

- "Scheme of Chance" – a slot machine, lottery, numbers game, pool conducted for profit, or other scheme in which a participant gives a valuable consideration for a chance to win a prize, but does not include bingo, a skill-based amusement machine or a pool not conducted for profit.

- "Game of Chance" – poker, craps, roulette, or other game in which a player gives anything of value in the hope of gain, the outcome of which is determined largely by chance, but does not include bingo

- "Gambling Device" -- means any of the following:

    (1) A book, totalizer, or other equipment for recording bets; (2) A ticket, token, or other device representing a chance, share, or interest in a scheme of chance or evidencing a bet; (3) A deck of cards, dice, gaming table, roulette wheel, slot machine, or other apparatus designed for use in connection with a game of chance; (4) Any equipment, device, apparatus, or paraphernalia specially designed for gambling purposes; (5) Bingo supplies sold or otherwise provided, or used, in violation of this chapter.

Ohio's definition of gambling focuses on the element of chance that is present in games or schemes of chance. Moreover, Ohio law also contemplates gambling to include the giving of consideration or something of value in order to participate in a game or scheme of chance. An illegal lottery in Ohio is a promotion or contest where participants pay valuable consideration for the chance to win a prize.

Participants in the sweepstakes are not required to provide consideration or give anything of value to participate in the sweepstakes. Like all commercial sweepstakes marketed to consumers, the sweepstakes provides a free entry option whereby participants can receive sweepstakes entries without making a purchase. Because sweepstakes' participants are not required to provide anything of value to participate your product promotion sweepstakes should not be considered an illegal lottery under Ohio law.

The definitions of a game of chance and a scheme of chance each have the same two elements: (1) the payment of consideration or anything of value to participate, and (2) the outcome of the game or promotion must be determined largely by chance. The sweepstakes do not require a participant to give any consideration or anything of value in order to participate since the entries may be obtained for free. Therefore the sweepstakes do not qualify as "games of chance" or "schemes of chance" under Ohio law.

I reviewed Liquor Control Commission Regulations as well as the Ohio Revised Code because some of the sweepstakes promotions may be used at liquor permit establishments. Establishments authorized to sell alcoholic beverages are prohibited from: "having, harboring, keeping, exhibiting, possessing, employing, or allowing to be kept, exhibited, or used in, upon or about the premises of the permit holder of any gambling device as defined in Division (F) of section 2915.01 of the Revised Code which is or has been used for any gambling in violation of Chapter 2915 of the Revised Code." (OAC 4301:1-1-53(B)) Therefore, this language mirrors ORC 2915.02, et. sequence but does not place any additional regulatory burden on a permit premises that does not exist off a permit premises.

Ohio law allows certain promotions or contests to be conducted in connection with the sale of alcoholic beverages under specific circumstances. A permit holder may sponsor or conduct upon the permit premises promotional games or contests which are neither games nor schemes of chance and which do not constitute gambling or public gaming, provided that: (1) the promotion or contest does not require the participant to pay money

3

or something of value other than visiting the premises for the privilege or opportunity to participate in such promotions or contests or for receiving the award or prize therefrom; and (2) alcoholic beverages are not an element of such a game or contest either directly or indirectly; and (3) the game or contest is sponsored or designed and run by a permit holder who is licensed for the sale of alcoholic beverages, a manufacturer whose main product line is not alcoholic beverages or their advertising agent or representative. *See* OAC 4301:1-1-53(F).

Your sweepstakes promotion meets the criteria outline in the Ohio Administrative Code for promotional contests conducted on the premises of an establishment that sells alcohol because: (1) the sweepstakes does not require participants to pay money or anything of value to participate; (2) alcoholic beverages are not a direct or indirect element of the sweepstakes, and (3) the manufacturer does not have main product lines which are alcoholic beverages. Therefore, nothing would prohibit an establishment that sells alcohol under an Ohio liquor permit from keeping, displaying and allowing its customers to use terminals on the liquor permit premises.

It is important to review past decisions as we consider this matter. One of the first cases to discuss sweepstakes was *Kroger v. Cook*, 1970, 24 Ohio St. 2d 17 which declared a promotional sweepstakes program in violation of the former Liquor Control Commission Regulation 5301:1-1-53. Originally promotional sweepstakes were illegal because of language contained in former Regulation 4301:1-1-53. However Ohio now allows for promotional games such as the one you have decided to operate. Regulation 53 specifically allows promotional games or contests which are neither games nor schemes of chance and which do not constitute gambling or public gaming. Therefore your promotional sweepstakes would not violate Regulation 53 as long as the promotion does not require the participants to pay money or something of value for the privilege to participate, alcoholic beverages are not an element of the game and the manufacturer's main product line is not alcoholic beverages.

In 1985 the Ohio Attorney General had the chance to review promotional sweepstakes OAG 85-001 authorized the sale of sports programs even though contained in the program was a sweepstakes and therefore a chance to win a prize. The key to the opinion was that the purchaser of the product did not pay "valuable consideration for either an admission to the ballpark or sports program in order to obtain a chance to win a prize". Since no instant bingo ticket, seal card, punchboard or other gambling device was used in the sports program promotion, the Attorney General opined that it could not have been considered bingo or instant bingo nor was it a violation of the gambling laws. A similar opinion was issued by the Attorney General in OAG 85-013.

I have also reviewed Liquor Control Commission Regulations 4301:1-1-44 and 4301:1-1-45. Regulation 44 involves advertising and it does not appear that the sale of your product would violate any sections of Regulation 44. Regulation 45 is a ban on premium and gift merchandising but is contingent upon the purchase of alcoholic beverages. This regulation prohibits receiving a prize at the point of sale but the regulation was written to apply only to a manufacturer or supplier of alcoholic beverages

4

Therefore Regulation 45 should not affect your sale of promotional products. However an expansive reading of Regulation 45(E) might somehow prohibit all point of sale prize awards. No one has ever interpreted Regulation 45 like that and I would think such an expansive reading would be challenged by the distributors of point of sale prizes. This type of viewpoint would make every sweepstakes in grocery stores, convenient stores and gasoline stations illegal. Therefore it does not appear that either Regulation 44 or 45 prohibits your type of product promotion.

By reviewing the definitions of game of chance and scheme of chance it is readily apparent that whether or not a violation of R C 2915.02 et. sequence occurs will be a fact based case by case determination. The courts and Ohio Attorneys General have reviewed whether the purchaser gave a valuable consideration for the chance to win a prize. Past attempts with horoscope cards, coupons cards, etc. showed virtually no usage meaning the purchasers were never interested in the cards, only the instant bingo part of the card However your promotional part of the sweepstakes would only be an encouragement to buy the product just as the Attorney General opined in OAG 85-001. One should think of the Monopoly promotion at McDonalds. Purchasers are buying the product and also playing the sweepstakes. The promotions are done to increase sales and profits for the retailer even though millions of dollars in cash and merchandise are being awarded as sweepstakes prizes.

Sweepstakes promotions have become quite popular in Ohio in the past year. Fortunately one court recently wrote a lengthy opinion concerning sweepstakes. In *State of Ohio V Dabish* (2009), unreported, Lucas County Municipal Court Case No. CRB-08-25138 Judge Gorman reviewed R C 2915.02 and .03 as they related to a sweepstakes promotion operation in Toledo, Ohio. The location sold phone cards. The court found that the sale of phone cards meant that no consideration was present and there was no violation of R C 2915 02 and .03. A legitimate product was being sold at a reasonable and customary price

I have provided you with a copy of the Attorney General Opinions, court decisions and pertinent statutes and regulations. It certainly appears that the trend is to allow promotional games/sweepstakes so long as the purchaser is buying a legitimate consumer product or service at a reasonable price with the intent to use that item

Promotional sales programs and sweepstakes are on hundreds of products in retail stores throughout Ohio. McDonalds, gas stations, newspapers and countless other businesses offer product promotions to induce the consumer to buy more of their products. Your product promotion appears consistent with these national sweepstakes. Therefore it is my opinion that your product promotions sweepstakes would not violate R C 2915 02 or 2915 03 or any administrative regulations.

Respectfully

Ken O. Gearhiser

5