DEPARTMENT OF THE CORPORATION COUNSEL

ROBERT CARSON GODBEY   4685-0
Corporation Counsel
ERNEST H. NOMURA           4829-0
KAMILLA C.K. CHAN          9184-0
Deputies Corporation Counsel
530 South King Street, Room 110
Honolulu, Hawaii  96813
Telephone No.:   (808) 768-5120
Facsimile No.:   (808) 768-5105
E-Mail:   enomura@honolulu.gov
          kchan@honolulu.gov

Attorneys for Defendants
  KEITH M. KANESHIRO, LOUIS M. KEALOHA
  and HONOLULU POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| PJY ENTERPRISES, LLC, a Hawaii limited liability company, LUCKY G ENTERPRISES, INC., a Hawaii corporation; S L & G INVESTMENTS, LLC; a Hawaii limited liability company; WZ WAIKIKI PARTNERS, LLC, a Hawaii limited liability company; WZ WAHIAWA PARTNERS, LLC, a Hawaii limited liability company; and PMG ENTERTAINMENTS, LLC, a Hawaii limited liability company,<br><br>      Plaintiffs,<br><br>  vs. | CIVIL NO. CV 12-00577 LEK-RLP<br><br>DEFENDANTS KEITH M. KANESHIRO, LOUIS M. KEALOHA AND HONOLULU POLICE DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND MONETARY DAMAGES; CERTIFICATE OF SERVICE<br><br>(Caption continued on next page) |

| | |
|---|---|
| KEITH M. KANESHIRO, in his official capacity as the Prosecuting Attorney of the City and County of Honolulu; LOUIS M. KEALOHA, in his official capacity as the Chief of Police of the City and County of Honolulu; HONOLULU POLICE DEPARTMENT CITY AND COUNTY OF HONOLULU; JOHN DOES 1-10; JANE DOES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>                    Defendants. | |

DEFENDANTS KEITH M. KANESHIRO, LOUIS M. KEALOHA AND HONOLULU POLICE DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY <u>JUDGMENT, INJUNCTIVE RELIEF AND MONETARY DAMAGES</u>

Defendants Keith M. Kaneshiro, Louis M. Kealoha[1], and the Honolulu Police Department (collectively "City Defendants"), by their attorneys, the Department of the Corporation Counsel, Robert Carson Godbey, Corporation Counsel, and Ernest H. Nomura and Kamilla C.K. Chan, Deputies Corporation Counsel, answer the First Amended Complaint for Declaratory Judgment, Injunctive Relief and Monetary Damages ("Amended Complaint"), filed on October 31, 2012, as follows:

---

[1] The Honolulu Police Commission recently approved Chief of Police Louis M. Kealoha's request for representation by the Department of the Corporation Counsel for the City and County of Honolulu.

2

## FIRST DEFENSE

1. PJY ENTERPRISES, LLC, a Hawaii limited liability company; LUCKY G ENTERPRISES, INC., a Hawaii corporation; S L & G INVESTMENTS, LLC, a Hawaii limited liability company; WZ WAIKIKI PARTNERS, LLC, a Hawaii limited liability company; WZ WAHIAWA PARTNERS, LLC, a Hawaii limited liability company; PMG ENTERTAINMENTS, LLC, a Hawaii limited liability company (collectively referred to as "Plaintiffs") fail to state a claim upon which relief can be granted.

2. With respect to the allegations set forth in paragraphs 1, 2, 3, 4, 5, 6, 10, 11, and 13 of the Amended Complaint, City Defendants are without knowledge as to the truth or falsity of the allegations set forth therein, therefore, they deny the allegations.

3. With respect to the allegations set forth in paragraphs 7, 8, and 9 of the Amended Complaint, City Defendants admit the allegations set forth therein.

4. With respect to the allegations set forth in paragraph 12 of the Amended Complaint, the City Defendants assert that the way the subject devices operate and what is displayed on the devices when being operated by a player speak for themselves. The City Defendants also assert that

what is printed on the "discount coupon" speaks for itself.  The City Defendants deny all characterizations of the various "fun" games and their alleged functions.  The City Defendants further deny all allegations regarding the operations of the subject devices, including the alleged "pool" from which "sweepstakes entries" "come from" and the "chances of winning" in connection with the entries played by the player.

     5.     With respect to the allegations set forth in paragraph 14 of the Amended Complaint, the City Defendants assert the document referenced therein speak for itself.  The City Defendants admit the allegations regarding the execution of the lawfully issued and valid search warrant.

     6.     With respect to the allegations set forth in paragraph 15 of the Amended Complaint, the City Defendants admit that the subject devices were seized by the Honolulu Police Department ("HPD") consistent with the search warrant and the law.  The City Defendants also admit that the subject devices remain in the custody of HPD and that counsel for Plaintiffs requested the return of the devices, which request was denied.

     7.     With respect to the allegations set forth in paragraph 16 of the Amended Complaint, the City Defendants admit the allegations set forth therein.

8.     With respect to the allegations set forth in paragraph 17 of the Amended Complaint, the City Defendants admit that Mr. Kaneshiro held a press conference on September 28, 2012.  The City Defendants assert that what was said at the press conference is a matter of record and speak for itself.

9.     With respect to the allegations set forth in paragraph 18 of the Amended Complaint, the City Defendants deny the allegations set forth in the first sentence of this paragraph.  The City Defendants state that the document referenced in the paragraph speaks for itself.  The City Defendants admit that Mr. Kaneshiro did not respond to document referenced in the paragraph.

10.    With respect to the allegations set forth in paragraph 19 of the Amended Complaint, the City Defendants are without knowledge as to the truth or falsity of the allegations set forth therein, therefore, they deny the allegations.  Further, the City Defendants assert that the documents referenced in the paragraph speak for themselves.

11.    With respect to the allegations set forth in paragraphs 20, 22, 23, 24, 27, 28, 29, 31, 32 and 33 of the Amended Complaint, the City Defendants deny the allegations set forth therein.

12. With respect to the allegations set forth in paragraph 25 of the Amended Complaint, the City Defendants state that the paragraph sets forth a prayer of relief and does not require an answer that admits or denies the allegations set forth therein. The City Defendants state that Plaintiffs' request for relief set forth in this paragraph is not supported by law or facts and should not be granted by the Court.

13. With respect to the allegations set forth in paragraphs 21, 26, and 30 of the Amended Complaint, the City Defendants reassert and reaffirm their responses set forth in the referenced paragraphs therein.

14. Any allegation set forth in the Amended Complaint that is not specifically answered herein is denied.

## SECOND DEFENSE

15. The City Defendants intend to rely on the defense that any claim for relief is not ripe for adjudication.

## THIRD DEFENSE

16. The City Defendants intend to rely on the defense that Plaintiffs fail to satisfy the legal prerequisites for injunctive relief.

## FOURTH DEFENSE

17. The City Defendants intend to rely on the defense that Plaintiffs have an adequate remedy at law, are unlikely to succeed on the merits, cannot demonstrate that the equities favor the issuance of injunctive relief, and have not suffered irreparable harm and, therefore, are not entitled to injunctive relief.

## FIFTH DEFENSE

18. The City Defendants intend to rely on the defense that all individual defendants have immunity.

## SIXTH DEFENSE

19. The City Defendants intend to rely on the defense that each cause of action must fail against defendants because they were fulfilling their duties as provided by law.

## SEVENTH DEFENSE

20. The City Defendants intend to rely on the defense of unclean hands.

## EIGHTH DEFENSE

21. The City Defendants intend to rely on the defense that all property seized pursuant to a lawfully issued and valid search warrant is evidence in an on-going criminal investigation and that the seizure of the

subject devices does not constitute a "search" or "seizure" for purposes of the law and does not deny Plaintiffs of any "property rights."

WHEREFORE, the City Defendants respectfully request as follows:

1. That the Court dismiss Plaintiffs' Amended Complaint and enter judgment in favor of the City Defendants forthwith;

2. That the Court deny Plaintiffs any affirmative, equitable relief;

3. That the Court award the City Defendants all fees and costs recoverable herein;

4. That the Court grants all further relief in law and in equity to which the City Defendants are entitled.

DATED:  Honolulu, Hawaii, November 13, 2012.

ROBERT CARSON GODBEY
Corporation Counsel

*/s/ Ernest H. Nomura*

ERNEST H. NOMURA
Deputy Corporation Counsel

Attorneys for Defendants
KEITH M. KANESHIRO, LOUIS M. KEALOHA, and HONOLULU POLICE DEPARTMENT