ORIGINAL

KEITH M. KIUCHI, ALC
KEITH M. KIUCHI #2735
American Savings Bank Tower,
1001 Bishop Street, Suite 985
Honolulu, Hawaii 96813
TEL.: (808) 533-2230
FAX: (808) 533-4391

Attorney for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

₍3₎ JAN 02 2013 ₍au₎
at____o'clock and __50__ min.__P__.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PJY ENTERPRISES, LLC, a Hawaii limited liability company; LUCKY G ENTERPRISES, INC., a Hawaii corporation; S L & G INVESTMENTS, LLC; a Hawaii limited liability company, WZ WAIKIKI PARTNERS, LLC, a Hawaii limited liability company; WZ WAHIAWA PARTNERS, LLC, a Hawaii limited liability company; and PMG ENTERTAINMENTS, LLC; a Hawaii limited liability company; | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. 12-00577 (LEK-RLP) (Other Civil Action) |
| Plaintiffs, | ) ) ) | PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS KEITH M. KANESHIRO, LOUIS M. KEALOHA AND HONOLULU POLICE DEPARTMENT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | ) ) | |
| KEITH M. KANESHIRO, in his official capacity as the Prosecuting Attorney of the City and County of Honolulu; LOUIS M. KEALOHA, in his official capacity as the Chief of Police of the City and County of Honolulu; HONOLULU POLICE DEPARTMENT; JOHN DOES 1-10; JANE DOES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10; | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS KEITH M. KANESHIRO, LOUIS M. KEALOHA AND HONOLULU
POLICE DEPARTMENT'S MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

|  |  | Pg. |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| I. | INTRODUCTION | 1 |
| II. | SUMMARY OF FACTS | 1 |
| III. | ARGUMENT AND LAW | 3 |
| | A.    Summary Judgment Standard | 5 |
| | B.    Plaintiffs' Complaint Should Not be Dismissed for "Ripeness" | 5 |
| | C.    PJY Enterprises, LLC Should Not be Dismissed as a Party | 11 |
| IV. | SUMMARY | 14 |

## TABLE OF AUTHORITIES

**Pg.**

### FEDERAL APPELLATE CASES

### UNITED STATES SUPREME COURT CASES

*Abbott Labs. v. Gardner,* 387 U.S. 136 (1967) 7

*Burford v. Sun Oil Co.,* 319 U.S. 315 (1943) 5

*Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal,*
546 U.S. 418 (2006) 8

*Greene v. McElroy,* 360 U.S. 474 (1959) 13

*Quackenbush v. Allstate Inc. Co.,* 517 U.S. 706, 716, 728 (1996) 5

*Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496 (1941) 5, 11

*Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83 (1998) 9

*Williamson County Regional Planning Commission v. Hamilton Bank of
Johnson City,* 473 U.S. 172 (1985) 11

### CASES FROM THE NINTH CIRCUIT COURT OF APPEALS

*Bernhardt v. County of Los Angeles,* 279 F.3d 862 (9th Cir.2002) 9

*Bernhardt v. Los Angeles County,* 339 F.3d 920 (9th Cir.2003) 9

*Coldwell v. Dept. of Health & Human Services,* 558 F.3d 1112 (9th Cir.2009) 8

*Oklevueha Native American Church of Hawaii Inc. v. Holder,* 676 F.3d 829
(9th Cir.2012) 7, 8, 11, 14

*Portman v. County of Santa Clara,* 995 F.2d 898 (9th Cir. 1993) 7

*Thomas v. Anchorage Equal Rights Commission,* 220 F.3d 1134
(9th Cir.2000)(en banc) 7, 8

### HAWAII APPELLATE CASES

*Aged Hawaiians v. Hawaiian Homes Commission,* 78 Haw. 192,
891 P.2d 279 (1995) 12

ii

*Beamer v. Nishiki,* 66 Haw. 572, 670 P.2d 1264  (Haw. 1983)          5

*Blaisdell v. Department of Public Safety,* 119 Haw. 275, 196 P.3d 277 (2008)    12, 13

*Enes v. Hoopai,* 38 Haw. 126, rehearing denied 38 Haw. 147 (1948)    12

*GECC Financial Corp. v. Jaffarian,* 79 Haw. 516, 904 P.2d 530, certiorari granted, 79 Haw. 341, 902 P.2d 976, affirmed, 80 Haw. 118, 905 P.2d 624 (Haw.App. 1995)          5

*Kainz v. Lussier,* 4 Haw. App. 400, 667 P.2d 797 (1983)          5

*Leone v. County of Maui,* 128 Haw. 183, 284 P.3d 956 (Haw.App. 2012)    10

*Lum v. Donahue,* 101 Haw. 422, 70 P.3d 648 (Haw.App. 2003)    6

*Maeda v. Amemiya,* 60 Haw. 662, 594 P.2d 136 (1979)    12

*Pele Defense Fund v. Puna Geothermal Venture,* 77 Haw. 64, 881 P.2d 1210 (1994)    12

*Rodriguez v. Nishiki,* 65 Haw. 430, 653 P.2d 1145 (1982)    5

*State v. Detroy,* 102 Haw. 13, 120 P.3d 260 (2003)    4

*State v. Lessary,* 75 Haw. 446, 865 P.2d 150 (1994)    13

*York v. State,* 53 Haw. 557, 498 P.2d 644 (1972)    12

## CASES FROM OTHER JURISDICTIONS

*Purdy & Fitzpatrick v. State,* 79 Cal.Rptr. 77, 456 P. 2d 645 (1969)    12

## HAWAII RULES

Rule 41(e) of the Hawaii Rules of Penal Procedure          passim

## I.    INTRODUCTION

Plaintiffs filed a Complaint on October 12, 2012 in the First Circuit Court of the State of Hawaii, seeking a Declaratory Judgment, Injunctive Relief and Monetary Damages (the "Complaint").[1]  The Complaint was filed in response to the Defendants' seizure, on September 27, 2012, of 77 PRODUCTS DIRECT® SWEEPSTAKES terminals in the game arcades operated by Plaintiffs Lucky G Enterprises, Inc. ("Lucky G"), S L & G Investments, LLC ("S L & G"), WZ Waikiki Partners, LLC ("WZ Waikiki"), WZ Wahiawa Partners, LLC ("WZ Wahiawa") and PMG Entertainments, LLC ("PMG").  Plaintiffs subsequently filed both a Motion for a Preliminary Injunction and a Motion for a Temporary Restraining Order.

A hearing was held on Plaintiffs' Motion for a Temporary Restraining Order on December 3 and December 5, 2012.  After the evidence was taken at the December 5, 2012 hearing, this court gave Defendants until December 19, 2012 to file their motion to "dismiss" Plaintiffs' complaint based upon "justiciability".  On December 19, 2012 Defendants filed their Motion for Summary Judgment.  For the reasons set forth below this court should deny Defendants' motion.

## II.    SUMMARY OF FACTS

On Thursday, September 27, 2012, Defendants Prosecutor KANESHIRO, Chief KEALOHA and the HONOLULU POLICE DEPARTMENT directed and conducted a seizure of PRODUCTS DIRECT® SWEEPSTAKES terminals located in the game arcades operated by Plaintiffs Lucky G, S L &G, WZ Waikiki, WZ Wahiawa and PMG pursuant to a search warrant issued by the District Court of the First Circuit, Honolulu Division, in S.W. 2012-238 (Plaintiffs' Concise Statement of Facts, hereafter Plaintiffs' Statement, 1).  Plaintiffs have asked for the

---

[1]  Defendants removed this action to this court from the Circuit Court of the First Circuit, State of Hawaii, by a removal filed on October 26, 2012.  Plaintiffs then filed its First Amended Complaint on October 31, 2012.

affidavits in support of this search warrant but Defendants have refused to produce these affidavits and have refused to discuss how the search warrants were obtained (Plaintiffs' Statement 1).[2] Defendants, as of this date, have not commenced any forfeiture proceedings in connection with the PRODUCTS DIRECT® SWEEPSTAKES terminals, nor have Defendants commenced any criminal proceedings in connection with these terminals (Plaintiffs' Statement 6). Plaintiffs acknowledge that they have not filed a motion with the Circuit Court of the State of Hawaii pursuant to Rule 41(e) of the Hawaii Rules of Penal Procedure (Plaintiffs' Statement 5), but assert that Rule 41(e) is not mandatory in its language.

Defendants have had the PRODUCTS DIRECT® SWEEPSTAKES terminals since September 27, 2012 and have had the full opportunity to examine the terminals (Plaintiffs' Statement 2). On December 13, 2012, despite the fact that Plaintiffs' Motion for a Temporary Restraining Order was pending with this court, Defendants directed and conducted a seizure of PRODUCTS DIRECT® SWEEPSTAKES terminals located in the game arcades operated by MIKE, INC., a Hawaii corporation; GS ENTERTAINMENT, INC., a Hawaii corporation; and ALOHA ARCADE, INC., a Hawaii corporation (Par. 6, Declaration of Tracy Yoshimura dated January 2, 2013, hereafter "Yoshimura Declaration"). It would appear, as stated in the Yoshimura Declaration (Par. 7), that Defendants intend to eliminate the use of PRODUCTS DIRECT® SWEEPSTAKES terminals on this island and/or the State of Hawai`i and that there is no "ongoing" investigation but only a concerted effort to seize these terminals and effectively put PJY and the other plaintiffs out of business (Par. 7, Yoshimura Declaration). Plaintiffs also

---

[2]  Curiously in his deposition, Lt. Jonathon Grems, who was in charge of the investigation of the Winner'z Zone locations (Ex. 1, Pg. 11, Line 22 – Pg. 12, Line 3), testified that the search warrant for the Winner'z Zone locations did not look familiar to him (Ex. 1, Pg. 31, Line 14 – Pg. 32, Line 1). Det. Young, as set forth in Plaintiffs' Statement 1, refused to divulge details regarding the affidavit in support of the search warrant, or any matters related to obtaining the search warrant except for the name of the judge (Ex. 2, Pg. 16, Line 10 – Pg. 19, Line 8).

assert that there is, contrary to Defendants' Stated Facts 2, no ongoing investigation of any other "sweepstakes" machines being conducted by the Honolulu Police Department (Ex. 1, Jonathon Grems deposition, Pg. 45, Lines 2 – 11). Defendants' counsel prevented Plaintiffs' counsel from inquiring further in Lt. Grems deposition as to whether there as any such investigation of the "Lucky Charms" internet sweepstakes machine had been started (Ex. 1, Jonathon Grems deposition, Pg. 45, Line 12 – Pg. 47, Line 24).

PJY's sole source of income is from the sale of Products Direct® Sweepstakes Terminals to customers in Hawai`i and the sale of fills for Products Direct® Sweepstakes Terminals to customers in Hawai`i (Par. 5, Yoshimura Declaration). If the use of the Products Direct® Sweepstakes Terminals were eliminated, this would put PJY out of business (Par. 7, Yoshimura Declaration). PJY has an interest in the outcome of this litigation because if Plaintiffs did not prevail this would adversely affect the income of PJY (Par. 7, Yoshimura Declaration).

## III.   ARGUMENT AND LAW

Defendants' motion for summary judgment is confusing. In the body of the motion Defendants assert that: "this Court should enter judgment in favor of the City Defendants because this case is not justiciable – the Hawaii criminal circuit should first ultimately decide the issue of whether the search warrant involved in this case was issued without probable cause before any civil court – state or federal – can be asked to decide of the seizure of the Products Direct Sweepstakes devices violated any constitutional rights and protections." Yet, as Defendants acknowledge, there are no criminal proceedings pending in any court and no forfeiture proceedings have been filed against the PRODUCTS DIRECT® SWEEPSTAKES terminals. Thus there are no pending proceedings in state court and Defendants argument is, for

3

all intents and purposes, an argument based upon ripeness, that is that the case is not "ripe" for adjudication.

Defendants assert that Plaintiffs' complaint should be dismissed because it is presumed that the search warrant here was lawfully issued and that Plaintiffs have not challenged the legality of the underlying search warrant. However Plaintiffs have questioned whether there was probable cause for the issuance of the search warrant and Defendants have refused to produce the affidavit(s) filed with the district court in support of the search warrant despite requests made by Plaintiffs. As important, contrary to Defendants' assertions, there really is no vehicle, other than the optional motion to return property set forth in Rule 41(e), for Plaintiffs to contest the search warrant unless there is a criminal proceeding pending.[3] So on one hand, Defendants argue that a state criminal court should decide whether the search warrants were lawfully issued, and on the other hand they refuse to produce the affidavits which would allow a court to make this determination and as important, it was the Defendants who REMOVED the civil action from state civil court to federal court. Defendants CHOSE their forum here in federal court when they clearly could have elected to stay in state civil court.

In its memorandum in support of the motion Defendants assert that Plaintiffs should have filed a motion for return PRODUCTS DIRECT® SWEEPSTAKES terminals under Rule 41(e) of the Hawaii Rules of Penal Procedure (Pg. 7 – 8, Defendants' Memorandum), and that the case must be "dismissed" because this case is not ripe and is not justiciable (Pg. 9, Defendants' Memorandum). Defendants do NOT assert that this is a case of *Pullman* abstention, which

---

[3] In their argument (Pg. 7, Defendant's Memorandum), Defendants cite the Hawai`i Supreme Court's decision in *State v. Detroy,* 102 Haw. 13, 72 P.3d 485 (2003), as support for its argument that Plaintiffs should have challenged the search warrant. But in that case the challenge to the search warrant was brought in a motion to suppress evidence filed AFTER the defendant's were charged with a criminal offense. In this case Defendants have brought no criminal charges and thus the other provisions of Rule 41 of the Hawaii Rules of Penal Procedure do not apply. Rule 41(f) specifically refers to a motion to suppress evidence, which is obviously not applicable here at this point in time.

4

applies when a federal case presents a constitutional issue that might be made moot or significantly altered by a state court's construction of pertinent state law.[4]  Instead Defendants argue that summary judgment should be granted because the case is not "justiciable" or "ripe" "in the first instance" (Pg. 2, Defendants' Memorandum).  Defendants also argue that Plaintiff PJY Enterprises, LLC lacks standing to assert any constitutional violations as a matter of law.

### A.    Summary Judgment Standard

A motion for summary judgment is properly granted only if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Kainz v. Lussier,* 4 Haw. App. 400, 667 P.2d 797 (1983)  In a motion for summary judgment, the trial court is required to view the record in the light most favorable to the party opposing the motion. *Rodriguez v. Nishiki,* 65 Haw. 430, 653 P.2d 1145 (1982) reconsideration denied, 64 Haw. 682 (1982).  A summary judgment is a drastic remedy and to avoid improperly depriving a party of the right to trial on disputed factual issues, summary judgment must be cautiously invoked. *GECC Financial Corp. v. Jaffarian,* 79 Haw. 516, 904 P.2d 530, certiorari granted, 79 Haw. 341, 902 P.2d 976, affirmed, 80 Haw. 118, 905 P.2d 624 (Haw.App. 1995).  Summary judgment should not be granted unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under any circumstances. *Beamer v. Nishiki,* 66 Haw. 572, 670 P.2d 1264  (Haw. 1983).

### B.    Plaintiffs' Complaint Should Not Be Dismissed for "Ripeness"

---

[4]  This doctrine was set forth by the United States Supreme Court in *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496 (1941).  Defendants have also not asserted abstention under *Burford v. Sun Oil Co.,* 319 U.S. 315 (1943), which states that courts may abstain when the availability of an alternative, federal forum threatened to frustrate the purpose of a state's complex administrative system.  All of the abstention doctrines are "extraordinary and narrow exceptions" to a federal court's duty to exercise the jurisdiction conferred on it. *Quackenbush v. Allstate Inc. Co.,* 517 U.S. 706, 716, 728 (1996).  As important, all of these cases were brought as motions to dismiss, rather than a motion for summary judgment.

Defendants seek a motion for summary judgment because it asserts that Plaintiffs' claims are not justiciable (Pg. 2, Defendants' Memorandum).  The crux of Defendants' argument is that Plaintiffs should have filed a motion for return of property under Rule 41(e) of the Hawaii Rules of Penal Procedure.  That rule reads in full as follows:

> (e)  Motion to return property.  A person aggrieved by an unlawful search and seizure of property or by the deprivation of property **may** move the court having jurisdiction to try the offense for the return of the property.  The judge shall receive evidence on any issue of fact necessary to the decision of the motion.  If the motion is granted, the property shall be returned unless otherwise subject to lawful detention, but the judge may impose reasonable conditions to protect access to the property and its use in later proceedings. (emphasis added)

The first problem with Defendants' argument is that Rule 41(e) is not mandatory, stating that a person: "**may** move the court having jurisdiction to try the offense for the return of the property."[5]  A person, does, therefore, have an option of filing or not filing a motion for the return of property.  Defendants can cite no cases which suggest that Rule 41(e) is Plaintiffs' only option or that it must exhaust that remedy first before seeking other remedies.  Second, Rule 41(e) is limited to a return of property.  Plaintiffs' complaint here seeks much more than that.  This is more than just a simple motion for the return of property, which was the ONLY issue presented in ***Lum v. Donahue***, 101 Haw. 422, 70 P.3d 648 (2003), where the movants filed a motion for return of property.  In this case Plaintiffs seek a declaratory judgment from the court that the PRODUCTS DIRECT® SWEEPSTAKES terminals are legal (Count I of the Amended Complaint), they seek a injunction that does more than order the return of the terminals[6], and

---

[5]  The phrase "jurisdiction to try the offense" in the rule is confusing and almost presumes there is a pending criminal action.

[6]  Plaintiffs' Amended Complaint sets forth three separate requests in its prayer for injunctive relief: "enjoining and restraining the Defendants and any other persons or entities acting under their direction from: (a) seizing the PRODUCTS DIRECT® SWEEPSTAKES terminals owned and distributed by Plaintiffs, (b) from interfering in any manner in the Plaintiffs' operation and distribution of said PRODUCTS DIRECT® SWEEPSTAKES terminals (including but not limited to statements regarding thereof and including but not limited to any freezing or seizure of

they seek monetary damages.  Thus filing only under Rule 41(e) accomplishes little for Plaintiffs and Plaintiffs have the OPTION to proceed under this rule or by this complaint.

Defendants' argument is sorely lacking in any support in case law.  By contrast, a recently decided Ninth Circuit case, *Oklevueha Native American Church of Hawaii Inc. v. Holder,* 676 F.3d 829 (9th Cir.2012), which reversed in part the district court's motion to dismiss (the appellate court reversed the district court's motion to dismiss on ripeness grounds but affirmed the motion to dismiss the claim of monetary damages because the government had sovereign immunity), supports Plaintiffs assertion that there is no "ripeness" issue here and summary judgment cannot be granted.

The basic rationale of the ripeness doctrine is: "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner,* 387 U.S. 136, 148 (1967).  This inquiry contains both a constitutional and a prudential component to ripeness. *Portman v. County of Santa Clara,* 995 F.2d 898, 902 (9th Cir. 1993).  The constitutional inquiry requires that there exist a constitutional "case or controversy" and that the issues presented are "definite and concrete, not hypothetical or abstract." *Thomas v. Anchorage Equal Rights Commission,* 220 F.3d 1134, 1139 (9th Cir.2000)(en banc)  The issue in *Oklevueha* was whether the plaintiffs there could bring a "preenforcement claim" against the Drug Enforcement Agency ("DEA") and others where their marijuana being shipped to them was seized but there was no threat of government prosecution.  In that case the Ninth Circuit held that because the marijuana had already been seized and plaintiffs were likely to suffer a similar fate in the future that it was not an "abstract

---

Plaintiffs' bank accounts), and (c) from infringing upon Plaintiffs' constitutional rights under the United States and Hawaii Constitutions.  Plaintiffs also seek, as part of that temporary or preliminary injunctive relief, the return of the seized PRODUCTS DIRECT® SWEEPSTAKES terminals to the Plaintiffs." (Pg. 14, Amended Complaint)

disagreement" that prevented the courts from adjudicating the issue. The court noted that the seizure had already occurred and the law enforced and thus there was a "definite and concrete dispute regarding the lawfulness of that seizure". In this case the Defendants have asserted that there is an "ongoing investigation" and that they are looking into future prosecution. How Defendants' counsel can even assert that this is an "abstract disagreement" is puzzling where he has hidden behind an "ongoing investigation" to prevent Plaintiffs from obtaining the very affidavits that he asserts support the City's search warrants. If the Ninth Circuit found in *Oklevueha* that the constitutional ripeness case had been met when there was no chance of future prosecution, then surely it is met here where the City has always maintained that it has an ongoing investigation that may possibly result in criminal prosecution.

Prudential ripeness requires the court to first consider the fitness of the issues for judicial review, followed by the hardship to the parties of withholding court consideration. *Coldwell v. Dept. of Health & Human Services,* 558 F.3d 1112, 1123 (9th Cir.2009) In *Oklevueha* the court held that because the enforcement action had already occurred it was not a situation where the courts were left to: "hypothesize about how the law might be applied". The seizure presented a "concrete factual scenario that demonstrates how the laws, as applied, infringe upon Plaintiffs' constitutional rights. Citing *Thomas,* 220 F.3d at 1141. The government in *Oklevueha* also argued that the plaintiffs should exhaust their administrative remedies by applying for an exception to the Controlled Substances Act with the DEA. The court wrote that it declined to read an exhaustion requirement into the Religious Freedom Restoration Act ("RFRA") where the statute itself contained no such condition. In citing *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal,* 546 U.S. 418 (2006), the court noted that in that case the United States Supreme Court refused to read this exhaustion of remedies (by seeking a religious use exemption

8

from the DEA) into an RFRA-based challenge.  Plaintiffs here should also not have to be forced

to wait and make a claim under Rule 41(e), when that would eventually lead to them filing a

separate lawsuit for monetary damages anyway.  Hardship to the parties in withholding court

consideration is a factor in the prudential ripeness test and the City's seizure of what amounts

now to 137 terminals, creates a hardship on both the arcades and PJY.

Instead of going through a rationale review of the "ripeness" doctrine (which would have

led Defendants' counsel to find these same cases that support Plaintiffs assertion that there is no

"ripeness" issue here), Defendants chose to cite a Ninth Circuit decision in **Bernhardt v. County

of Los Angeles**, 279 F.3d 862 (9th Cir.2002) that has nothing to do with the "ripeness" doctrine.

That case involved a complaint that was dismissed for lack of standing.  On review the appellate

court held that although Bernhardt's claims for prospective relief were moot, that a "live"

controversy remained because of the possibility that Bernhardt may be awarded actual or

nominal damages.[7]  The other case cited by Defendants, **Steel Co. v. Citizens for a Better

Environment,** 523 U.S. 83 (1998), is also not applicable.  The issue in that case was not ripeness,

but whether the court lacked jurisdiction to entertain a suit for a present violation of the

Emergency Planning and Community Right-To-Know Act of 1986 ("EPCRA").  The federal

district court had held that because the petitioner had brought their toxic and hazardous chemical

storage and emission reports up to date by the time the complaint was filed, that the court lacked

jurisdiction to entertain a suit for a present violation and that the EPCRA did not allow a suit for

a purely historical violation.  While Justice Scalia's majority opinion addressed the Court's

---

[7]  The Ninth Circuit reversed the dismissal of plaintiff's complaint (which asserted that the County of Los Angeles settles civil rights actions only on a lump sum basis and that such a policy interfered with plaintiff's constitutional rights to obtain an attorney) and remanded the matter back to the district court although it did hold that plaintiff's claims for prospective relief were moot.  In subsequent proceedings the district court denied Bernhardt's motion for a preliminary injunction.  That denial was reversed by the same Ninth Circuit panel in **Bernhardt v. Los Angeles County,** 339 F.3d 920 (9th Cir.2003).

reluctance to endorse the "doctrine of hypothetical jurisdiction", the decision was not one of

ripeness, but whether the court had proper jurisdiction to proceed with the lawsuit.  Thus the

cases cited by Defendants do not address the doctrine of "ripeness" and are not relevant to the

issues here.

The facts in this case present a controversy that is undeniably ripe.  Plaintiffs had

seventy-seven PRODUCTS DIRECT® SWEEPSTAKES terminals seized, and after they were

seized the City's Prosecuting Attorney proclaimed that they were illegal and promised

prosecution.  He further declared that the terminals were illegal and were gambling machines.

The Plaintiffs remain under a threat of prosecution, which Defendants have used as a sword to

fend off any attempts by Plaintiffs to obtain the affidavits used to obtain the search warrant.  Not

only do Plaintiffs remain under a threat of prosecution, but given that the City has proceeded

with a subsequent seizure of other PRODUCTS DIRECT® SWEEPSTAKES terminals operated

by other entities (Par. 6, Declaration of Tracy Yoshimura) the issue is far from abstract but is a

continuing concrete dispute with ongoing detrimental and injurious actions being perpetrated by

the Defendants upon the Plaintiffs.  Defendants make the argument that Plaintiffs should exhaust

their remedies by filing for a return of property under Rule 41(e) of the Hawaii Rules of Penal

Procedure.  There is no requirement, either in case law or in the rule itself, that Plaintiffs exhaust

their remedies by filing a motion for return of property under Rule 41(e).   A recent decision of

the Intermediate Court of Appeals pointed out the difference between exhaustion of

administrative remedies compared to ripeness.  In *Leone v. County of Maui,* 128 Haw. 183, 191-

192, 284 P.3d 956 (Haw.App. 2012), the Hawai`i appellate court pointed out that ripeness

requires a final, definitive decision which inflicts an actual, concrete injury, where the exhaustion

doctrine applies when a party seeks judicial review of the substance of an adverse administrative

10

decision.  In quoting ***Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,*** 473 U.S. 172 (1985), the court noted that where, as in that case, the state provided procedures for an aggrieved property owner to seek a declaratory judgment regarding the validity of zoning and planning actions, but did not require the respondent to resort to those procedures, then there was no requirement that administrative remedies be exhausted.  In its decision the appellate court reversed the trial court's dismissal of the complaint based upon ripeness.

In this case there is no requirement that Plaintiffs proceed under Rule 41(e) and as they point out, their complaint seeks much more than a return of property, it asks for injunctive relief that goes beyond a simple return of the terminals.  But there is a decision made by the City that had inflicted an "actual, concrete injury" upon Plaintiffs.

Defendants' argument that the controversy is not ripe is an argument made in bad faith, especially in light of the fact that Defendants have admittedly not made an argument that the federal court should abstain from deciding this case under the *Pullman* abstention doctrine and in light of the Ninth Circuit's recent decision on ***Oklevueha*** that clearly states that as long as there is a concrete case or controversy, that the claim is ripe for adjudication.

### C.     PJY Enterprises, LLC Should Not Be Dismissed as a Party

Plaintiff PJY Enterprises, LLC ("PJY") asserts that it has both a liberty and property interest in this matter.  As set forth in the Declaration of Tracy Yoshimura:

> PJY's sole source of income is from the sale of PRODUCTS DIRECT®
> SWEEPSTAKES Terminals to customers in Hawai`i, and the ongoing sale of fills (each
> "fill" enables a machine to operate for a given number of plays, depending on what size
> "fill" is purchased) for PRODUCTS DIRECT® SWEEPSTAKES Terminals to
> customers in Hawai`i. Fills are additional plays for each of the Products Direct®
> Sweepstakes Terminals.  PJY receives a percentage of the sales of both the PRODUCTS
> DIRECT® SWEEPSTAKES Terminals and the ongoing fills from Pace-O-Matic, Inc,
> who is the manufacturer of the PRODUCTS DIRECT® SWEEPSTAKES Terminals.

The other Plaintiffs in this litigation purchase both terminals and fills that provide PJY with income.

Par. 3, Declaration of Tracy Yoshimura

Thus the seizure of the PRODUCTS DIRECT® SWEEPSTAKES terminals does affect PJY's property interest because it clearly affects PJY's income, which is its property. Defendants seem overly focused (as it is with their ripeness analysis) on the ownership of the terminals and the return of the same. But the Amended Complaint, as noted above, asserts monetary damages to both the business of PJY and the other Plaintiffs. While there is a fundamental requirement for a successful due process claim that one be deprived of a property interest, *Pele Defense Fund v. Puna Geothermal Venture,* 77 Haw. 64, 68, 881 P.2d 1210, 1214 (1994), Hawaii courts have also held that the definition of the term "property interest" is not strictly limited. In *Aged Hawaiians v. Hawaiian Homes Commission,* 78 Haw. 192, 211, 891 P.2d 279 (1995), the Hawaii Supreme Court held that a "property interest" included Hawaiian Home Lands beneficiaries on the waiting list. In *Enes v. Hoopai,* 38 Haw. 126, rehearing denied 38 Haw. 147 (1948), the Hawaii Supreme Court held that a business, calling or profession is a property right. This right to pursue an occupation was repeated in the Hawaii Supreme Court's decisions in *York v. State,* 53 Haw. 557, 498 P.2d 644 (1972) and *Maeda v. Amemiya,* 60 Haw. 662, 594 P.2d 136 (1979).[8] In *Blaisdell v. Department of Public Safety,* 119 Haw. 275, 196

---

[8] In *York* the plaintiff asserted that a residency requirement for public employment violated her constitutional rights and the Hawaii Supreme Court agreed. The court, in quoting *Purdy & Fitzpatrick v. State,* 79 Cal.Rptr. 77, 86-89, 456 P. 2d 645, 654-657 (1969), wrote: "the state may not arbitrarily foreclose to any person the right to pursue an otherwise lawful occupation. Any limitation on the opportunity for employment impedes the achievement of economic security, which is essential for the pursuant [sic] of life, liberty and happiness". 53 Haw. at 559. In *Maeda,* the Hawaii Supreme Court recognized that a fisherman had a right to engage in any common occupation of life, which was secured by the due process provisions of the Federal and State Constitutions. 60 Haw. at 669. However, the Hawaii Supreme Court held that the state law in that case did not deprive the plaintiff there of his due process rights because the court was required to use a "rational basis test" in determining whether the equal protection clause was violated, and not a strict scrutiny standard. The court wrote that "where economic interests

12

P.3d 277 (2008), the Hawaii Supreme Court held that a prisoner had a property interest in earned interest on a restricted account.  The point is that a property interest is not restricted to a narrow definition of ownership, and in this case clearly PJY's property interests are affected because it loses income as a result of the City's actions.

PJY also has a liberty interest that would invoke the due process clause.  In *Greene v. McElroy,* 360 U.S. 474, 492 (1959) the United States Supreme Court held that the liberty concept of the due process clause encapsulates the right to hold private employment and to pursue one's chosen profession free from unreasonable government interference.  In that case the Supreme Court held that the government's revocation of the petitioner's security clearance caused him to lose his job and: "seriously affected, if not destroyed, his ability to obtain employment in [his] field." 360 U.S. at 492.  In this case the Defendants, by their own admission, seek to eliminate any "sweepstakes" concept in the City and County of Honolulu.  Thus PJY's liberty interests are also affected and entitle them to a due process claim.

Finally PJY has also asserted a violation of its state constitutional rights, including Article 1, Section 2, which states that: "All persons are free by nature and are equal in their inherent and inalienable rights.  Among these rights are the enjoyment of life, liberty and the pursuit of happiness, and the acquiring and possessing of property." Thus PJY has an independent right, separate and apart from a due process right, to enjoy the acquisition and possession of property.  As the Hawaii Supreme Court noted in *State v. Lessary,* 75 Haw. 446, 865 P.2d 150 (1994), the Hawai`i courts will not hesitate to recognized appropriate protections as a matter of state constitutional law, beyond those set forth in interpretations of the United States Supreme Court of the United States Constitution.

---

are concerned, the rational basis test is the proper standard." 60 Haw. at 669  But the nature of the test is not the issue here, the issue brought by Defendants is whether PJY had a constitutional interest, which it does.

## IV.   SUMMARY

As the Defendants have seized seventy-seven PRODUCTS DIRECT® SWEEPSTAKES terminals, then seized additional terminals, and have refused to return the same, there is a concrete, definite controversy that is ripe for this court to decide.  Rule 41(e) of the Hawaii Rules of Penal Procedure may offer an alternate remedy for Plaintiffs, but is not a prerequisite to the Plaintiffs proceeding to file its complaint in this matter.  As important, Plaintiffs' complaint seeks relief far beyond the relief afforded by Rule 41(e), such as injunctive relief going beyond the return of the machines, and monetary damages.  There is no ripeness issue and most recent Ninth Circuit decision on ripeness, *Oklevueha*, supports Plaintiffs assertion that this controversy is ripe.

Plaintiff PJY has both a liberty and property interest because it derives income from the ongoing sale of fills for the PRODUCTS DIRECT® SWEEPSTAKES terminals and the sale of the terminals themselves.  Because PJY has this liberty and property interest, which is well recognized by Hawaii courts, it should not be dismissed as a plaintiff in this action.

DATED:  Honolulu, Hawaii, January 2, 2013.

_____

KEITH M. KIUCHI

Attorney for Plaintiffs

14