# MINUTES

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 12-00577LEK-RLP |
| CASE NAME: | PJY Enterprises, LLC, a Hawaii limited liability company, et al. Vs. Keith M. Kaneshiro, in his official capacity as the Prosecuting Attorney of the City and County of Honolulu, et al. |
| ATTYS FOR PLA: | |
| ATTYS FOR DEFT: | |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 05/13/2014 | TIME: | |

COURT ACTION:  EO: COURT ORDER GRANTING PLAINTIFFS' MOTION TO: (1) CERTIFY THIS COURT'S ORDER OF APRIL 30, 2014 AS FINAL JUDGMENT FOR APPEAL PURSUANT TO RULE 54(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE, (2) STAY FURTHER PROCEEDINGS PENDING APPEAL; AND (3) LEAVE TO DISMISS COUNT IV OF THE COMPLAINT

  On May 5, 2014, Plaintiffs PJY Enterprises, LLC, Lucky G Enterprises, Inc., S L & G Investments, LLC, WZ Waikiki Partners, LLC, WZ Wahiawa Partners, LLC, PMG Entertainments, LLC, GS Entertainment, Inc., Desiree Haina, Eugene M. Simeona, Jr., Clayton Simeona, Aloha Arcade, Inc., Gary Danley, Quentin Canencia, Mike, Inc., and Michael Madali, Jr. (collectively "Plaintiffs") filed their "Motion to: (1) Certify this Court's Order of April 30, 2014 as Final Judgment for Appeal Pursuant to Rule 54(B) of the Federal Rules of Civil Procedure, (2) Stay Further Proceedings Pending Appeal; and (3) Leave to Dismiss Count IV of the Complaint" ("Motion").  [Dkt. no. 167.]  Defendants Keith M. Kaneshiro, Louis M. Kealoha, Aaron Young, and the Honolulu Police Department (collectively "the City Defendants") filed a statement regarding the Motion ("Statement") on May 12, 2014.  [Dkt. no. 182.]

  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  The hearing on the Motion, currently set for Friday, May 16, 2014, at 10:00 a.m., is therefore VACATED.

  The City Defendants do not object to Plaintiffs' request for certification of a final

judgment on Counts I, II, and III of Plaintiffs' Second Amended Complaint for Declaratory Judgment, Injunctive Relief and Monetary Damages ("Second Amended Complaint"), [filed 6/25/13 (dkt. no. 79),] pursuant to this Court's April 30, 2014 Order Granting Defendants' Motion for Summary Judgment ("4/30/14 Order"), [dkt. no. 164]. The City Defendants' position, however, is conditioned upon the requirement that Plaintiffs post a bond for the amount of the City Defendants' "Bill of Costs, which will be filed upon certification of the [4/30/14] Order." [Statement at 3.]

This Court agrees with the parties that the 4/30/14 Order requires the entry of judgment in the City Defendants' favor as to Counts I, II, and III of the Second Amended Complaint. This Court notes that Plaintiffs never filed proof of service of the Second Amended Complaint on Defendant Scott Yip. This Court also finds that "there is no just reason for delay" and that an entry of final judgment as to Counts I, II, and III is appropriate pursuant to Fed. R. Civ. P. 54(b). This Court therefore GRANTS the Motion's request for entry of judgment pursuant to Rule 54(b). This Court DIRECTS the Clerk's Office to enter final judgment in favor of the City Defendants as to Counts I, II, and III of the Second Amended Complaint.

As to the City Defendants' argument that this Court should order Plaintiffs to post a bond for the amount of the City Defendants' Bill of Costs, which they have not yet filed, this Court concludes that there is no legal authority to support such a requirement. This Court, however, notes that, even if Plaintiffs appeal the Rule 54(b) judgment, this Court will retain jurisdiction to decide post-judgment matters that are collateral to the issues in the appeal, such as a bill of costs or a motion for attorneys' fees. See, e.g., United States v. Kersting, 891 F.2d 1407, 1413 (9th Cir. 1989) ("A district court . . . sometimes retains jurisdiction in matters 'collateral' to those resolved in the judgment on appeal, such as motions for attorneys fees." (citations omitted)), *overruled on other grounds by* Church of Scientology v. United States, 506 U.S. 9 (1992). The City Defendants' request for an order requiring Plaintiffs to post a bond is therefore DENIED.

The Motion also asks this Court to stay the instant case pending Plaintiffs' intended appeal from the Rule 54(b) judgment. [Motion at 2.] The City Defendants do not object to a stay, as long as this Court does not reopen any deadlines after the resolution of the appeal. [Statement at 4-5.] This Court agrees that a stay will be appropriate after Plaintiffs file their notice of appeal. This Court also agrees that, after the resolution of the appeal, any expired deadlines will remain closed unless the parties establish good cause to re-open specific deadlines. The Motion's request for a stay is GRANTED insofar as this Court will issue an entering order staying and administratively closing this case after Plaintiffs file their notice of appeal. Further, the hearing on the parties' motions in limine and the final pretrial conference, currently scheduled for Friday, May 16, 2014, and the trial date, currently set for Tuesday, May 20, 2014, are VACATED.

Finally, the Motion asks this Court for leave to dismiss Count IV of the Second Amended Complaint with prejudice. [Motion at 3.] The City Defendants do not object to the dismissal. [Statement at 6.] This Court therefore DEEMS Count IV DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 41(a).

IT IS SO ORDERED.

Submitted by: Warren N. Nakamura, Courtroom Manager