IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PJY ENTERPRISES, LLC, ET AL., | CIVIL NO. 12-00577 LEK-RLP |
| Plaintiffs, | FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS KEITH M. |
| vs. | KANESHIRO, LOUIS M. KEALOHA, AARON YOUNG, AND HONOLULU |
| KEITH M. KANESHIRO, ET AL., | POLICE DEPARTMENT'S BILL OF COSTS |
| Defendants. | |

FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS
KEITH M. KANESHIRO, LOUIS M. KEALOHA, AARON YOUNG,
AND HONOLULU POLICE DEPARTMENT'S BILL OF COSTS[1]

Before the Court is Defendants Keith M. Kaneshiro, Louis M. Kealoha, Aaron Young, and Honolulu Police Department's ("City Defendants") Bill of Costs filed on May 28, 2014. ECF No. 191. The City Defendants request $12,153.66 in costs. Id. Plaintiffs filed an Opposition on June 3, 2014. ECF No. 193. The City Defendants filed a Reply on June 12, 2014. ECF No. 194. Based on the parties' submissions and the relevant legal authority, the Court FINDS and RECOMMENDS that the City Defendants are entitled to $12,153.66 in taxable costs.

BACKGROUND

The Clerk entered final judgment in favor of the City Defendants under Rule 54(b) as to Counts I, II, and III of the

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Second Amended Complaint based on the court's April 30, 2014 Order Granting Defendants' Motion for Summary Judgment ("Summary Judgment Order").  See ECF No. 185; ECF No. 164.  Count IV of the Second Amended Complaint was deemed dismissed with prejudice pursuant Rule 41(a).  ECF No. 183 at 2.  The one remaining claim, Count V of the Second Amended Complaint, is asserted by three individual Plaintiffs against Defendants Scott Yip[2] and Aaron Young for wrongful arrest in violation of 42 U.S.C. § 1983.  See ECF No. 79.  This case was stayed pending Plaintiffs' appeal of the Summary Judgment Order.  See ECF No. 190.

## ANALYSIS

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Courts may only tax the costs specified in 28 U.S.C. § 1920.  See Yasui v. Maui Elec. Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (citing Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990)).  Based on the Summary Judgment Order, the City Defendants are the prevailing parties as to Counts I, II, and III of the Second Amended Complaint for purposes of Rule 54(d)(1).  Under Rule 54(d), the

---

[2] As noted by the court in its May 13, 2014 Order, Plaintiffs did not file proof of service of the Second Amended Complaint on Defendant Scott Yip.  See ECF No. 183 at 2.

2

prevailing party is presumptively entitled to taxable costs and the losing party must show that the taxation of costs is not appropriate. See Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003).

As an initial matter, Plaintiffs ask the Court to defer its decision on the Bill of Costs because Plaintiffs have filed an appeal of the Summary Judgment Order and there is one claim remaining in this action. ECF No. 193 at 3-6. To the extent Plaintiffs are asking to change the terms of the stay granted by the district court, this Court declines to do so. In granting Plaintiffs' request for a stay, the district court stated that it "will retain jurisdiction to decide post-judgment matters that are collateral to the issues in the appeal, such as a bill of costs or a motion for attorneys' fees." ECF No. 183 at 2. The Court declines to defer its decision on the Bill of Costs and addresses each of Plaintiffs' objections below.

**1. Plaintiffs' Objection to the Transcript Costs for the Depositions of Aaron Young, Damien Solon, Jonathon Grems, and John-Martin Meyer.**

Plaintiffs object to the request for transcript costs related to the depositions of Aaron Young, Damien Solon, Jonathon Grems, and John-Martin Meyer. ECF No. 193 at 8-9. Transcript costs "necessarily obtained for use in the case" are taxable. 28 U.S.C. § 1920(2). A deposition transcript "need not be introduced in evidence or used at trial, so long as, at the time

3

it was taken it could reasonably be expected that the deposition was used for trial preparation, rather than mere discovery." LR54.2(f)(2). As noted by the City Defendants, all of these individuals submitted declarations in support of the City Defendants' opposition to Plaintiffs' Motions for a Temporary Restraining Order and Preliminary Injunction and in support of the City Defendants' Motion for Summary Judgment and were identified to testify at trial. See ECF Nos. 41-2, 41-3, 41-4, 41-5, 115-1, 115-2, 115-3. The Court finds that these deposition transcripts were necessarily obtained for use in the case and were not for mere discovery.

**2. Plaintiffs' Objection to the Transcript Costs for the Deposition of Mark Jefferson.**

Plaintiffs object to the transcript costs for the deposition of Mark Jefferson, in-house counsel for Pace-O-Matic, Inc. ECF No. 193 at 9-10. Plaintiffs assert that this transcript was used for mere discovery because the City Defendants' did not offer it as evidence in their Motion for Summary Judgment. Id. The City Defendants contend that they identified Mr. Jefferson as a trial witness and that he was the author or recipient on many emails that they anticipated introducing at trial. ECF No. 194 at 6-7; ECF No. 194-1, Decl. of Ernest H. Nomura submitted in support of Reply ("Nomura Decl."), ¶ 4. Given Mr. Jefferson's expected testimony at trial, the Court finds that his deposition transcript was necessarily

obtained for use in the case and was not for mere discovery.

**3. Plaintiffs' Objection to the Transcript Costs for the Deposition of the Custodian of Records for Pace-O-Matic, Inc.**

Plaintiffs object to the transcript costs for the deposition of the custodian of record for Pace-O-Matic, Inc. asserting that this deposition was taken solely for the purpose of discovery. ECF No. 193 at 10. The City Defendants contend that records produced at the deposition were used in the Motion for Summary Judgment and were going to be introduced at trial and that the deposition transcript was expected to be used for authentication purposes. See ECF No. 194 at 7-8; ECF No. 112-2; ECF No. 194-1, Nomura Decl., ¶ 5. Based on the City Defendants' use of this transcript in support of their Motion for Summary Judgment and its anticipated use at trial, the Court finds that this transcript was necessarily obtained for use in the case and was not for mere discovery.

**4. Plaintiffs' Objection to the Transcript Costs for the Hearing on Plaintiffs' Motion for a Temporary Restraining Order.**

Plaintiffs object to the request for transcript costs for the hearing on Plaintiffs' Motion for a Temporary Restraining order. ECF No. 193 at 10. The City Defendants contend that the transcript was necessarily obtained for use in the case because all of the witnesses who testified at the hearing were also going to be called to testify at trial and the hearing transcript would

have been used for impeachment purposes.  ECF No. 194 at 8.
Based on the anticipated use of this transcript for impeachment
purposes at trial, the Court finds that this transcript was
necessarily obtained for use in the case.

**5. Plaintiffs' Objection to the Costs of Service of Subpoenas on Pace-O-Matic, Inc. and Products Direct, LLC.**

Plaintiffs object to the process server costs for the two subpoenas served on the custodians of record on November 6, 2012.  ECF No. 193 at 10-11.  Fees for service of subpoenas are taxable "to the extent that they are reasonably required and actually incurred."  Local Rule 54.2(f)(1); 28 U.S.C. § 1920(1).  Plaintiffs contend that the costs should not be allowed because they appear to be duplicative and the depositions were never taken.  <u>Id.</u> at 11.  The City Defendants assert that two subpoenas were served at the same address, one on Pace-O-Matic, Inc. and one on Products Direct, LLC, because Plaintiffs insisted that the two entities were distinct and that these depositions were in fact taken after the City Defendants brought a motion to enforce compliance.  ECF No, 194 at 8-9; ECF No. 75 (Motion to Enforce Subpoenas Duces Tecum Against Pace-O-Matic, Inc. and Products Direct, LLC).  The Court finds that these costs were reasonably required and actually incurred.

**6. Plaintiffs' Argument that All Costs Should be Denied Based on the Nature of this Case**.

Finally, Plaintiffs argue that all costs should be

denied because of the nature of this case.  ECF No. 193 at 11-13.
Plaintiffs contend that the economic disparity between the
parties and the public importance of this case justify the court
denying costs.  <u>Id.</u>  Although the Court has discretion to refuse
to award costs, the circumstances of this case do not warrant the
denial of costs.  <u>See</u> <u>Ass'n of Mexican-American Educ. v. Cal.</u>,
231 F.3d 572, 591 (9th Cir. 2000).  There is no indication in the
record that Plaintiffs are indigent or that the issues in this
case were close or difficult.  <u>See</u> Summary Judgment Order, ECF
No. 164, at 37 ("Plaintiffs' story that the PDS terminals perform
legitimate business transactions is blatantly contradicted by the
record, and this Court finds that no reasonable jury would
believe Plaintiffs' story.").  The Court finds that the
circumstances of this case do not support the denial of costs.

<u>CONCLUSION</u>

The Court FINDS and RECOMMENDS that the City Defendants are entitled to $12,153.66 in taxable costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 17, 2014.

_____
Richard L. Puglisi
United States Magistrate Judge

**PJY ENTERPRISES, LLC, ET AL. V. KANESHIRO, ET AL., CIVIL NO. 12-00557 LEK-RLP; FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS KEITH M. KANESHIRO, LOUIS M. KEALOHA, AARON YOUNG, AND HONOLULU POLICE DEPARTMENT'S BILL OF COSTS**