IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PJY ENTERPRISES, LLC, a Hawaii limited liability company, LUCKY G. ENTERPRISES, INC., a Hawaii corporation; SL&G INVESTMENTS, LLC; a Hawaii limited liability company, WZ WAIKIKI PARTNERS, LLC, a Hawaii limited liability company; WZ WAHIAWA PARTNERS, LLC, a Hawaii limited li,<br><br>        Plaintiffs,<br><br>  vs.<br><br>KEITH M. KANESHIRO, in his official capacity as the Prosecuting Attorney of the City and County of Honolulu; LOUIS M. KEALOHA, in his official capacity as the Chief of Police of the City and County of Honolulu; HONOLULU POLICE DEPARTMENT; JOHN DOES 1-10; JANE DOES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>        Defendants.<br>_____ | CIVIL NO. 12-00577 LEK-KSC |

**ORDER GRANTING PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS KEITH M. KANESHIRO, LOUIS M. KEALOHA, AARON YOUNG, AND HONOLULU POLICE DEPARTMENT'S BILL OF COSTS, FILED ON <u>JUNE 17, 2014 AND REJECTING THE FINDINGS AND RECOMMENDATION</u>**

On June 17, 2014, the magistrate judge filed his

Findings and Recommendation Regarding Defendants Keith M.

Kaneshiro, Louis M. Kealoha, Aaron Young, and Honolulu Police

Department's Bill of Costs ("F&R"). [Dkt. no. 195.] Plaintiffs PJY Enterprises, LLC ("PJY"), Lucky G Enterprises, Inc. ("Lucky G"), S L & G Investments, LLC ("S L & G"), WZ Waikiki Partners, LLC ("WZ Waikiki"), WZ Wahiawa Partners, LLC ("WZ Wahiawa"), PMG Entertainments, LLC ("PMG"), GS Entertainment, Inc. ("GS"), Desiree Haina, Eugene M. Simeona, Jr., Clayton Simeona, Aloha Arcade, Inc. ("Aloha"), Gary Danley, Quentin Canencia, Mike, Inc. ("Mike"), and Michael Madali, Jr. (collectively "Plaintiffs")[1] filed their objections to the F&R ("Objections") on July 1, 2014. [Dkt. no. 197.] Defendants Keith M. Kaneshiro, Louis M. Kealoha, Aaron Young, and the Honolulu Police Department ("HPD," and collectively "the City Defendants")[2] filed their response to Plaintiffs' Objections ("Response") on July 15, 2014. [Dkt. no. 198.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Objections, the Response, and the relevant legal authority, this Court HEREBY

---

[1] This Court will refer to: Lucky G, S L & G, WZ Waikiki, WZ Wahiawa, and PMG collectively as "the Winner'z Zone Plaintiffs;" and Mike, GS, and Aloha collectively as "the Lucky Touch Plaintiffs."

[2] Scott Yip is also a defendant, but Plaintiffs apparently did not serve Yip with their Second Amended Complaint for Declaratory Judgment, Injunctive Relief and Monetary Damages ("Second Amended Complaint") [filed 6/25/13 (dkt. no. 79)].

2

GRANTS the Objections and REJECTS the F&R, because this Court, in the exercise of its discretion, declines to award taxable costs until there is a final judgment as to all claims and all parties in this case.

**BACKGROUND**

The instant case arises from HPD's seizures on September 27, 2012, December 13, 2012, and February 14, 2013 of Products Direct Sweepstakes terminals ("PDS terminals") on the ground that they were illegal gambling machines. In addition to the seizures themselves, Plaintiffs also base their claims on: a September 28, 2012 press conference in which Kaneshiro characterized the PDS terminals as gambling machines and warned the public that gambling was illegal in Hawai`i; and the individual Plaintiffs' arrests in connection with the February 14, 2013 seizure.

On April 30, 2014, this Court issued an order granting partial summary judgment in favor of the City Defendants ("4/30/14 Order"). [Dkt. no. 164.] This Court concluded "as a matter of law, that at the time of the seizures on September 27, 2012, December 13, 2012, and February 14, 2013, the use of the PDS terminals constituted 'gambling,' as that term is defined in Haw. Rev. Stat. § 712-1220(4)." [4/30/14 Order at 38.]

On May 5, 2014, Plaintiffs filed their "Motion to:

(1) Certify this Court's Order of April 30, 2014 as Final Judgment for Appeal Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, (2) Stay Further Proceedings Pending Appeal; and (3) Leave to Dismiss Count IV of the Complaint" ("54(b) Motion"). [Dkt. no. 167.] On May 13, 2014, this Court issued an entering order granting the 54(b) Motion ("5/13/14 EO"). [Dkt. no. 183.] The 5/13/14 EO ordered, *inter alia*: the entry of final judgment pursuant to Fed. R. Civ. P. 54(b) in favor of the City Defendants as to Count I, Count II, and Count III;[3] a stay of the remainder of the case pending Plaintiffs' intended appeal; and the dismissal of Count IV with prejudice pursuant to Fed. R. Civ. P. 41(a).[4] Thus, the only remaining claim in this case is Count V, which is "a claim by the individual plaintiffs against Yip and Young pursuant to 42 U.S.C. § 1983 and Article I, §§ 4,

---

[3] In Count I, "PJY, the Winner'z Zone Plaintiffs, and the Lucky Touch Plaintiffs seek[] a declaratory judgment that the seizure and retention of the PDS terminals and Kaneshiro's statements violate various rights under the United States Constitution and the Hawai`i State Constitution." [4/30/14 Order at 6.] In Count II, "PJY, the Winner'z Zone Plaintiffs, and the Lucky Touch Plaintiffs seek[] an injunction requiring the return of the seized PDS terminals, preventing any future seizures of PDS terminals, preventing interference with Plaintiffs' operation and distribution of PDS terminals, and preventing further infringement on Plaintiffs' constitutional rights." [Id.] In Count III, "PJY and the Lucky Touch Plaintiffs seek damages [for] the violations described in Count I." [Id.]

[4] Count IV was "a property damage claim by GS and Mike against HPD arising from damage to their personal property, fixtures, and premises during the February 14, 2013 seizure." [4/30/14 Order at 6.]

5, and 7 of the Hawai`i Constitution for the violation of the individual plaintiffs' rights during their allegedly unlawful arrests." [4/30/14 Order at 22.]

On May 15, 2014, the Clerk's Office issued the judgment as to Counts I, II, and III ("54(b) Judgment"). [Dkt. no. 185.] Plaintiffs filed their notice of appeal on May 22, 2014. [Dkt. no. 186.]

On May 28, 2014, Defendants filed their Bill of Costs, seeking $12,153.66 in taxable costs. [Dkt. no. 191.] After the parties filed their respective memoranda, the magistrate judge issued the F&R, finding that the City Defendants are entitled to the full amount of the requested costs. [F&R at 7.]

In the Objections, Plaintiffs argue that: this Court should defer ruling on the Bill of Costs until after the resolution of both Plaintiffs' appeal of the 54(b) Judgment and Count V; and, if this Court does rule on the Bill of Costs, the costs associated with the deposition of Defendants' witnesses are not taxable.

**STANDARD**

This Court reviews a magistrate judge's findings and recommendations under the following standard:

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

5

> U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").
>
> Under a de novo standard, this Court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 616 (9th Cir. 1989).

Valencia v. Carrington Mortg. Servs., LLC, Civil No. 10-00558 LEK-RLP, 2013 WL 3223628, at *5 (D. Hawai`i June 25, 2013).

**DISCUSSION**

I.  **Taxing Costs After a Rule 54(b) Judgment**

Local Rule 54.2(a) states, in pertinent part: "Costs shall be taxed as provided in Fed. R. Civ. P. 54(d)(1). The party entitled to costs shall be the prevailing party in whose favor judgment is entered." Rule 54(d)(1) states, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." The Ninth

6

Circuit has stated that, under Rule 54(d), "there is a presumption that the prevailing party will be awarded its taxable costs." Dawson v. City of Seattle, 435 F.3d 1054, 1070 (9th Cir. 2006) (some citations omitted) (citing Fed. R. Civ. P. 54(d)(1) ("[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.")).[5]

In spite of this presumption, Rule 54(d) gives district courts the discretion to decline to award taxable costs. See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442, (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c). A district court that refuses to tax costs against the losing party must articulate specific reasons for doing so. Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

It is undisputed that, pursuant to the 4/30/14 Order and the 54(b) Judgment, the City Defendants are the prevailing party as to Counts I, II, and III. Plaintiffs argue that this Court must defer ruling on the Bill of Costs because "there is no

---

[5] Although the language of Rule 54(d)(1) has been amended from "shall be allowed as of course" to "should be allowed," district courts still apply the Ninth Circuit's presumption in favor of costs. See, e.g., Amedee Geothermal Venture I v. Lassen Mun. Utility Dist., No. 2:11-cv-02483-MCE-DAD, 2014 WL 1255236, at *3 (E.D. Cal. Mar. 26, 2014); Ancora Techs., Inc. v. Apple, Inc., Case No. 11-CV-06357 YGR, 2013 WL 4532927, at *2 (N.D. Cal. Aug. 26, 2013); G. v. Hawaii, Civ. Nos. 08-00551 ACK-BMK, 09-00044 ACK-BMK, 2011 WL 1703971, at *1 (D. Hawai`i Apr. 14, 2011).

final judgment here[,] . . . only a certification under Rule 54(b) which allowed Plaintiffs to appeal" the 4/30/14 Order. [Objections at 5.]

First, this Court notes that the Clerk's Office entered a "Judgment in a Civil Case" which states:

> IT IS ORDERED AND ADJUDGED **Final Judgment** is entered pursuant to Fed. R. Civ. P. Rule 54(b) in favor of the City Defendants KEITH M. KANESHIRO, in his official capacity as the Prosecuting Attorney of the City and County of Honolulu; LOUIS M. KEALOHA, in his official capacity as the Chief of Police of the City and County of Honolulu; AARON YOUNG; HONOLULU POLICE DEPARTMENT as to Counts I, II and III of the Second Amended Complaint (dkt. no.[79]) and in accordance with the Court's "Order Granting Defendants' Motion For Summary Judgment", (dkt. no. [164]) filed on April 30, 2014.

[Dkt. no. 185 at 2 (bold emphasis added).] Further, nothing in the plain language of either Local Rule 54.2(a) or Fed. R. Civ. P. 54(d)(1) precludes an award of costs after the entry of a Rule 54(b) judgment.

That being said, however, this Court recognizes that Rule 54(d)(1) and Local Rule 54.2(b)[6] are silent as to the

---

[6] Local Rule 54.2(b) states:

> Unless otherwise ordered by the court, a Bill of Costs shall be filed and served within fourteen (14) days of the entry of judgment, the entry of an order denying a motion filed under Fed. R. Civ. P. 50(b), 52(b), or 59, or an order remanding to state court any removed action. Non-compliance with this time limit shall be deemed a waiver of costs.

8

question of whether the City Defendants were **required** to file their Bill of Costs within fourteen days after the entry of the 54(b) Judgment, as opposed to fourteen days after the entry of the judgment on Count V, the last unresolved claim in this case. Some courts have recognized that taxing costs after a Rule 54(b) judgment may not be a final ruling on costs in the case as a whole and can be considered premature. For example, in <u>Woodmen Accident & Life Insurance Co.</u>, the Tenth Circuit stated:

> We believe logic dictates that, unless the trial court — as part of its Rule 54(b) certification — directs taxing and apportionment of costs, the time for taxing costs begins to run only from the entry of what would ordinarily be a final judgment as to all parties and all issues. To hold otherwise would unnecessarily complicate matters. For example, in the instant case, Mr. Bryant[7] might succeed on his remaining claim for relief and, thus, be entitled to costs as a "prevailing party." Additionally, certain costs, such as deposition costs, might have been extended to resolve issues certified pursuant to Rule 54(b) as well as the issue still pending in the trial court. We believe the trial court should have the freedom to adjust any cost awards at least until there has been a final judgment as to all parties and all issues, and we assume the trial court will consider the possibility of doing so in this case. Thus, because the trial court's judgment is not final with respect to costs, we dismiss Mr. Bryant's cost appeal.

784 F.2d 1052, 1057-1058 (10th Cir. 1986); <u>see also</u> <u>Ebonie S. ex</u>

---

[7] In <u>Woodmen</u>, the defendant, Charles Bryant, took a Rule 54(b) appeal from the district court's ruling on the plaintiff's motion for partial summary judgment. 784 F.3d at 1054. He also appealed from the award of costs, but he did not obtain Rule 54(b) certification of the cost order. <u>Id.</u> at 1057.

rel. Mary S. v. Pueblo Sch. Dist. 60, Civil Action No. 09-cv-00858-WJM-MEH, 2011 WL 3889252, at *2 (D. Colo. Sept. 1, 2011) (finding that, under Woodmen, taxing costs after the certification of the dismissal order as a final judgment pursuant to Rule 54(b) was premature and ruling that any award of taxable costs would occur after the entry of judgment as to all claims and all parties in the case); Microsoft Corp. v. Multi-Tech Sys., Inc., No. 00-CV-1412, 2002 WL 32727067, at *2 (D. Minn. Oct. 23, 2002) (staying proceedings, including the determination of taxable costs, until the resolution of any appeal filed from the Rule 54(b) judgment). This Court finds these cases to be persuasive as to the issue presented in Plaintiffs' Objections.

In light of the plain language of Rule 54(d) and Local Rule 54.2, this Court agrees with the magistrate judge that it has the authority to tax costs based on the 54(d) Judgment. This Court, however, also concludes that it has the discretion to decline to award taxable costs and to defer any award of costs until the entry of judgment on all claims as to all parties in this case.

In deciding whether to tax costs at this stage of the case, this Court considers all of the circumstances of this case, including the parties' respective resources, and this Court considers whether an award of taxable costs has the potential to chill future plaintiffs from civil rights litigation. See G.,

2011 WL 1703971, at *2.[8]  Although there is no indication that Plaintiffs are indigent, the burden on Plaintiffs to pay taxable costs at this stage is greater than the burden on the City Defendants if this Court defers the award of taxable costs. Further, although this Court stands by its rulings in the 4/30/14 Order, this Court recognizes the importance of the issues addressed in the order and the dearth of Hawai`i case law interpreting the statutes addressed in the order.  There is also the possibility that the resolution of Count V may affect the prevailing party analysis.  Thus, under the specific circumstances of this case, this Court finds that an award of taxable costs after the 54(b) Judgment may chill future civil rights litigation.

---

[8] The district court in G. stated:

> The Ninth Circuit has held that, in determining whether to award costs to a prevailing party, district courts may consider the financial resources of the losing party. Stanley [v. Univ. of S. Cal.], 178 F.3d [1069,] 1079 [(9th Cir. 1999)]; Nat'l Org. For Women v. Bank of Cal., 680 F.2d 1291, 1294 (9th Cir. 1982) (finding indigency a factor that the district court may properly consider in deciding whether to award costs).  In addition, courts may consider the chilling effect on future litigation from imposing costs on losing plaintiffs of modest means in civil rights cases. Stanley, 178 F.3d at 1080; see also Haldeman v. Golden, Civ. No. 05-00810 DAE-KSC, 2010 WL 2176089 (D. Haw. May 28, 2010).

2011 WL 1703971, at *2.

Although the F&R is correct that this Court has the legal authority to tax costs after the 54(b) Judgment, this Court exercises its discretion and declines to tax costs at this stage of this specific case.  This Court therefore GRANTS Plaintiffs' Objections to the extent that this Court FINDS that an award of taxable costs is not appropriate at this stage of the case.

## II. **Costs Related to the Depositions of Defendants' Witnesses**

In light of this Court's ruling as to Plaintiffs' first objection, this Court does not reach Plaintiffs' second objection.  This Court expresses no opinion at this time on the issue of whether the City Defendants are or will be entitled to an award of taxable costs related to the depositions of their witnesses.

## **CONCLUSION**

On the basis of the foregoing, Plaintiffs' objections to the magistrate judge's Findings and Recommendation Regarding Defendants Keith M. Kaneshiro, Louis M. Kealoha, Aaron Young, and Honolulu Police Department's Bill of Costs, are HEREBY GRANTED, and the F&R is HEREBY REJECTED.  This Court, in its discretion, finds that it is inappropriate to award taxable costs until the resolution of all claims as to all parties in this case.  The City Defendants' Bill of Costs, filed May 28, 2014, is therefore DENIED WITHOUT PREJUDICE.  The City Defendants have leave to file a Bill of Costs, including costs associated with Counts I, II,

and III, within fourteen days after either the entry of judgment as to Count V or the entry of an order ruling on a motion filed under Fed. R. Civ. P. 50(b), 52(b), or 59 as to Count V.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 31, 2014.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**PJY ENTERPRISES, LLC, ET AL. VS. KEITH KANESHIRO, ET AL; CIVIL 12-00577 LEK-RLP; ORDER GRANTING PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS KEITH M. KANESHIRO, LOUIS M. KEALOHA, AARON YOUNG, AND HONOLULU POLICE DEPARTMENT'S BILL OF COSTS, FILED ON JUNE 17, 2014 AND REJECTING THE FINDINGS AND RECOMMENDATION**