IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PJY ENTERPRISES, LLC, a Hawaii limited liability company, LUCKY G. ENTERPRISES, INC., a Hawaii corporation; SL&G INVESTMENTS, LLC, a Hawaii limited liability company, WZ WAIKIKI PARTNERS, LLC, a Hawaii limited liability company; WZ WAHIAWA PARTNERS, LLC, a Hawaii limited liability company; PMG ENTERTAINMENTS, LLC, a Hawaii limited liability company; GS ENTERTAINMENT, INC., a Hawaii corporation; DESIREE HAINA; EUGENE M. SIMEONA, JR.; CLAYTON SIMEONA; ALOHA ARCADE, INC., a Hawaii corporation; GARY DANLEY; QUENTIN CANENCIA; MIKE, INC., a Hawaii corporation; and MICHAEL MADALI, JR.,<br><br>        Plaintiffs,<br><br>   vs.<br><br>KEITH M. KANESHIRO, in his official capacity as the Prosecuting Attorney of the City and County of Honolulu; LOUIS M. KEALOHA, in his official capacity as the Chief of Police of the City and County of Honolulu; HONOLULU POLICE DEPARTMENT; SCOTT YIP; AARON YOUNG; JOHN DOES 1-10; JANE DOES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>        Defendants. | CIVIL NO. 12-00577 LEK-RLP |

**ORDER REGARDING PLAINTIFFS PJY ENTERPRISES, LLC,
MIKE, INC., ALOHA ARCADE, INC., AND GS ENTERTAINMENT, INC.'S
RULE 60(B) MOTION TO VACATE: (1) ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT FILED ON APRIL 30, 2014,
AND (2) JUDGMENT IN A CIVIL CASE FILED ON MAY 15, 2014**

On April 29, 2015, Plaintiffs PJY Enterprises, LLC ("PJY"), Mike, Inc. ("Mike"), Aloha Arcade, Inc. ("Aloha"), and GS Entertainment, Inc. ("GS," all collectively "Moving Plaintiffs") filed their Rule 60(b) Motion to Vacate: (1) Order Granting Defendants' Motion for Summary Judgment Filed on April 30, 2014, and (2) Judgment in a Civil Case Filed on May 15, 2014 ("Motion"). [Dkt. no. 202.] Defendants Keith M. Kaneshiro,[1] Louis M. Kealoha,[2] Aaron Young, and the Honolulu Police Department ("HPD," all collectively "Defendants"[3]) filed their memorandum in opposition on May 13, 2015, and the Moving Plaintiffs filed their reply on May 27, 2015. [Dkt. nos. 204, 205.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY CONSTRUES the Motion as asking this

---

[1] Kaneshiro is sued in his official capacity as the Prosecuting Attorney of the City and County of Honolulu.

[2] Kealoha is sued in his official capacity as the Chief of Police of the City and County of Honolulu.

[3] Scott Yip is also a defendant, but he is not one of the moving parties because the plaintiffs apparently never completed service on him.

Court to indicate whether it is willing to entertain the Moving Plaintiffs' proposed motion for Fed. R. Civ. P. 60(b) relief. This Court DECLINES to indicate that it has such a willingness.

**BACKGROUND**

The relevant factual and procedural background of this case is set forth in this Court's April 30, 2014 Order Granting Defendants' Motion for Summary Judgment ("4/30/14 Order").[4] [Dkt. no. 164.] On May 5, 2014, Plaintiffs filed a motion that, *inter alia*, sought to certify the 4/30/14 Order as a final judgment pursuant to Fed. R. Civ. P. 54(b) and to stay the case pending appeal ("Rule 54(b) Motion"). [Dkt. no. 167.] This Court issued an order granting the Rule 54(b) Motion on May 13, 2014, and the Rule 54(b) judgment was entered on May 15, 2014 as to Counts I, II, and III of the Second Amended Complaint for Declaratory Judgment, Injunctive Relief and Monetary Damages ("Second Amended Complaint").[5] [Dkt. nos. 183, 185.] The Moving Plaintiffs filed their Notice of Appeal on May 22, 2014. [Dkt. no. 186.] On May 23, 2014, this Court entered an order staying

---

[4] Defendants filed their Motion for Summary Judgment on November 29, 2013. [Dkt. no. 105.] The plaintiffs filed their memorandum in opposition on December 16, 2013. [Dkt. no. 111.] For a list of all of the plaintiffs in this case ("Plaintiffs"), see the 4/30/14 Order at 2.

[5] Plaintiffs filed their Second Amended Complaint on June 25, 2013. [Dkt. no. 79.]

and administratively closing the case pending the resolution of the appeal. [Dkt. no. 190.]

In the instant Motion, the Moving Plaintiffs ask this Court to set aside the 4/30/14 Order and the Rule 54(b) judgment in light of:

> (a) newly discovered evidence that could not have been discovered in time to move for a new trial or to oppose Defendant Motion for Summary Judgment under [Fed. R. Civ. P.] 60(b)(2), (b) misconduct by the opposing party, specifically concealing certain evidence from Plaintiffs that should have been made available to Plaintiffs under Rule 60(b)(3), and (c) newly discovered evidence that may not be a basis under Rule 60(b)(2) but may be grounds under Rule 60(b)(6).

[Motion at 2-3.]

## **DISCUSSION**

### I. Jurisdiction

At the outset, this Court must address Defendants' argument that this Court does not have jurisdiction to consider the Motion. It is well settled that "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam), *superseded by rule on other grounds as stated in*, Leader Nat'l Ins. Co. v. Indus. Indem. Ins. Co., 19 F.3d 444, 444–45 (9th Cir. 1994). However, Fed. R. App. P. 4(a)(4)(B)(i) "allows a district court to amend a judgment, even when a notice of appeal has been filed,

4

in certain situations." Gowadia v. Sorenson, Civil No. 14-00288 SOM/BMK, 2014 WL 3956806, at *1 (D. Hawai`i Aug. 12, 2014). Rule 4(a)(4)(B)(i) states that:

> If a party files a notice of appeal after the court announces or enters a judgment - but before it disposes of any motion listed in Rule 4(a)(4)(A) - the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

One of the motions to which this provision applies is a Rule 60 motion, but only if "the motion is filed **no later than 28 days** after the judgment is entered." Rule 4(a)(4)(A)(vi) (emphasis added). In Gowadia, this district court concluded that Rule 4(a)(4)(A) also applies to allow the district court to consider a motion for reconsideration filed concurrently with a notice of appeal, which is "in effect, suspended." 2014 WL 3956806, at *2 (quotation marks and some citations omitted) (citing Miller v. Marriott Int'l, Inc., 300 F.3d 1061, 1064 (9th Cir. 2002) ("Under [Appellate] Rule 4(a)(4)(A), the [plaintiffs'] Rule 60(b) motion prevented the [plaintiffs'] notices of appeal from becoming effective until the district court rules on the merits of those motions.") (alterations in Gowadia)). However, Rule 4(a)(4)(A)(vi) does not apply in this case because Plaintiffs filed their Motion significantly more than twenty-eight days after the entry of judgment.

5

Where the period specified in Rule 4(a)(4)(A)(vi) has expired, the Ninth Circuit has stated that, "[t]o seek Rule 60(b) relief, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case." Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984) (citation and internal quotation marks omitted). Plaintiffs argue that the Ninth Circuit dispensed with this requirement in Miller. [Reply at 7.] Plaintiffs emphasize that, in Miller, the Ninth Circuit stated that the district court in that case "declined to rule on the Rule 60(b) motions under the mistaken impression that it did not have jurisdiction once the [plaintiffs] filed notices of appeal." See 300 F.3d at 1064 (footnote omitted). Plaintiffs' reliance on Miller is misplaced because, in that case, the motions were filed within the period provided under Rule 4(a)(4)(A)(vi). See id. ("In the present case, both notices of appeal were filed after the announcement of judgment, i.e., entry of the order dismissing the case. However, because **no judgment was entered**, the [plaintiffs'] Rule 60(b) motions were in fact filed no later than 10 days after judgment was entered." (emphasis added)).[6] Thus, Miller is factually distinguishable

---

[6] When the Ninth Circuit issued the opinion in Miller, the applicable period was ten days. See 300 F.3d at 1063 (quoting Rule 4(a)(4)(A)(vi)).

6

from Scott, and it neither overruled Scott or dispensed with the procedure described in Scott for Rule 60(b) motions.

Plaintiffs also argue that Fobian v. Storage Technology Corp., 164 F.3d 887 (4th Cir. 1999), supports their position. In Fobian, the Fourth Circuit adopted the following procedure:

> when a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly. If the district court determines that the motion is meritless, as experience demonstrates is often the case, the court should deny the motion forthwith; any appeal from the denial can be consolidated with the appeal from the underlying order. If the district court is inclined to grant the motion, it should issue a short memorandum so stating. The movant can then request a limited remand from this court for that purpose. By saving judicial resources and avoiding expense and delay, this procedure accords with the overarching mandate in the Federal Rules of Civil Procedure that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; see Ferrell v. Trailmobile, Inc., 223 F.2d 697, 699 (5th Cir. 1955).

164 F.3d at 891. Fobian, however, expressly noted that the Ninth Circuit was one of two circuits that follow an "alternative approach" to the rule that the Fourth Circuit adopted in that case. Id. at 892 (citing Scott, 739 F.2d at 1466). This Court also notes that the Ninth Circuit still follows the procedure described in Scott. See, e.g., Gadd v. United States, 368 F. App'x 795, 795 (9th Cir. 2010) (citing Scott); S.E.C. v. Lyndon, Civil No. 13-00486 SOM-KSC, 2015 WL 159080, at *1 (D. Hawai`i Jan. 13, 2015) ("On December 10, 2014, the Ninth Circuit Court of

7

Appeals construed a 'Rule 60(b)(2) motion to introduce new evidence, stay and vacate judgment' as a 'motion for limited remand' in which [the plaintiff] was asking this court to indicate its willingness to entertain his proposed Rule 60 motion." (citation omitted)).

This Court therefore CONCLUDES that it does not have jurisdiction to consider Plaintiffs' Motion pursuant to Rule 60(b). Instead, pursuant to Scott, this Court CONSTRUES Plaintiffs' Motion as asking this Court to indicate whether it is willing to entertain Plaintiffs' proposed motion for Rule 60(b) relief.

## II. Plaintiffs' Proposed Motion

The crux of Plaintiffs' proposed motion is that they are entitled to Rule 60(b) relief because they now have extensive materials from the state court criminal proceedings and civil forfeiture proceedings regarding the Products Direct Sweepstakes terminals ("PDS terminals").[7] Plaintiffs essentially argue that Defendants wrongfully withheld these materials from them and, if Plaintiffs had these materials when the were preparing their response to the Motion for Summary Judgment, the outcome would have been different. This Court is not inclined to entertain Plaintiffs' proposed motion because, to the extent that there was

---

[7] For a description of the PDS terminals' operation, see the 4/30/14 Order at pages 7-13.

8

an incomplete record before this Court when it ruled on Defendants' Motion for Summary Judgment, Plaintiffs could have addressed the scope of the record prior to this Court's ruling.

First, Plaintiffs chose to file this action less than a month after the contested seizure of PDS terminals from the Winner'z Zone arcades to try to secure, *inter alia*, the return of the terminals.[8] In discovery for the instant case, Defendants have consistently taken the position that they would not produce records from the criminal investigation while the investigation was pending. See, e.g., Mem. in Opp., Decl. of Ernest H. Nomura, Exh. A (letter dated 11/15/12 to Plaintiffs' counsel from Defendants' counsel) at 2 (objecting to Plaintiffs' request for investigative reports and police reports because: "There is an active, ongoing criminal investigation. As such, these records are not subject to discovery."). Plaintiffs could have filed a motion to compel, but did not.

On December 30, 2013, Plaintiffs submitted a request, pursuant to Local Rule 37.1(c),[9] for expedited discovery

---

[8] HPD seized PDS terminals from Winner'z Zone game arcades on September 27, 2012. [Second Amended Complaint at ¶¶ 24, 29.] Plaintiffs filed their original complaint in state court on October 27, 2012. [Notice of Removal, filed 10/26/12 (dkt. no. 1), Exh. A (complaint).]

[9] Local Rule 37.1(c)(1) states, in pertinent part: "Counsel may seek resolution of disputed discovery issues expeditiously and economically. This expedited procedure is intended to afford a swift but full opportunity for the parties to present their
(continued...)

assistance to the magistrate judge regarding several categories of discovery, including, *inter alia*: affidavits supporting search warrants for the arcades where HPD seized PDS terminals; the police reports regarding the execution of the search warrants; an inventory of the seized property; and specific information from Detective Young. [Motion, Decl. of Keith M. Kiuchi ("Kiuchi Decl."), at ¶¶ 10-11.D.] The magistrate judge, however, denied the request as untimely. [Entering Order, filed 12/31/13 (dkt. no. 114) ("12/31/13 EO").] He previously set a discovery deadline of December 27, 2013, and stated that, "[u]nless otherwise permitted by the Court, all discovery motions and conferences made or requested pursuant to Federal Rules of Civil Procedure, Rules 26 through 37 inclusive and LR 26.1, 26.2 37.1 [were required to] be heard no later than thirty (30) days prior to the discovery deadline." [Amended Rule 16 Scheduling Order, filed 7/10/13 (dkt. no. 83), at ¶ 12.] The magistrate judge's 12/31/13 EO to this Court was not appealed. In addition, when Plaintiffs filed their memorandum in opposition to Defendants'

---

[9](...continued)
positions through abbreviated, simultaneous briefing and, when appropriate, a conference."

Motion for Summary Judgment, Fed. R. Civ. P. 56(d) relief was not sought.[10]

Moreover, much of the purportedly new evidence was available to Plaintiffs in comparable form. The new evidence includes police reports which contain information about, *inter alia*: interviews of Winner'z Zone customers; interviews of Winner'z Zone employees; an interview with the owner of a fulfillment center used by Products Direct; undercover officers' observations of Winner'z Zone locations; and technical reports regarding the PDS terminals. [Kiuchi Decl. at ¶ 19.] There is no indication that Winner'z Zone employees, vendors used by the Products Direct fulfillment center, and the manufacturers of the PDS terminals could not have been interviewed prior to the filing of the opposition to Defendants' Motion for Summary Judgment. Presumably, these individuals would have been available. Winner'z Zone customers could have been interviewed about their

---

[10] Rule 56(d) states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

11

experiences and observations of the arcades - albeit not necessarily the same customers who spoke to HPD.

Based on the circumstances of this case, the Court is not inclined to find that either Plaintiffs have "newly discovered evidence that, with reasonable diligence could not have been discovered" prior to their response to the Motion for Summary Judgment or that this Court's ruling on that motion was based on fraud, misrepresentation, or misconduct by Defendants. See Fed. R. Civ. P. 60(b)(2), (3). Finally, this Court is not inclined to find that Plaintiffs' proposed motion presents the type of "extraordinary circumstances" that warrant relief under Rule 60(b)(6). See, e.g., Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (citations and internal quotation marks omitted). This Court therefore DECLINES to indicate that it is willing to entertain Plaintiffs' proposed motion for Rule 60(b) relief.

## CONCLUSION

On the basis of the foregoing, this Court CONSTRUES Plaintiffs' Rule 60(b) Motion to Vacate: (1) Order Granting Defendants' Motion for Summary Judgment Filed on April 30, 2014, and (2) Judgment in a Civil Case Filed on May 15, 2014, filed April 29, 2015, as a motion asking this Court to indicate if it is willing to entertain Plaintiffs' proposed motion for relief

under Fed. R. Civ. P. 60(b).  This Court HEREBY DECLINES to indicate that it has such a willingness.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, JUNE 30, 2015



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**PJY ENTERPRISES, LLC, ET AL. VS. KEITH M. KANESHIRO, ET AL.; CIVIL NO. 12-00577 LEK-RLP; ORDER REGARDING PLAINTIFFS PJY ENTERPRISES, LLC, MIKE, INC., ALOHA ARCADE, INC., AND GS ENTERTAINMENT, INC.'S RULE 60(B) MOTION TO VACATE: (1) ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FILED ON APRIL 30, 2014, AND (2) JUDGMENT IN A CIVIL CASE FILED ON MAY 15, 2014**